931 So.2d 877 (2006)
In re PETITION OF THE ALTERNATIVE DISPUTE RESOLUTION RULES AND POLICY COMMITTEE ON AMENDMENTS TO FLORIDA RULES FOR CERTIFIED AND COURT-APPOINTED MEDIATORS.
No. SC05-998.
Supreme Court of Florida.
May 11, 2006.
Honorable Shawn L. Briese, Chair, Alternative Dispute Resolution Rules and *878 Policy Committee, Daytona Beach, FL, for Petitioner.
Larry Fong, President, Association for Conflict Resolution, Washington, D.C., Honorable Barbara L. Rutberg, West Palm Beach, FL, Linda Fieldstone, President, Florida Association of Family and Conciliation Courts, Naples, FL, Kenneth R. Hart of Ausley and McMullen, Florida Institute of Public Accounts ("FICPA"), Tallahassee, FL, Martin G. Holleran, Stuart, Florida, John W. Day, P.A., St. Petersburg, FL, Jayne M. Lambert, Tampa, FL, and Merrett R. Stierheim and Associates, Miami, FL, Responding with comments.
PER CURIAM.
The Supreme Court Committee on Alternative Dispute Resolution Rules and Policy (Committee) has filed a petition with the Court proposing amendments to the Florida Rules for Certified and Court-Appointed Mediators.[1] With the modifications discussed below, we adopt the proposed amendments, the most significant of which replaces the current mediator certification requirements contained in rule 10.100 with a new certification requirements "point system," outlined in the attached administrative order. The new point system, which we have modified as explained below, was proposed by the Committee in order to provide applicants with more flexibility in obtaining certification and to increase the diversity of the mediation profession in Florida.

BACKGROUND
The Committee[2] filed its proposals in response to a charge to its predecessor, the Committee on Alternative Dispute Resolution Rules, to undertake a review of the qualifications for mediator certification and to make recommendations to the Court regarding amendments to the Rules for Certified and Court-Appointed Mediators.[3] The proposed rule amendments can be classified into three different areas: Mediator Qualifications (Fla. R. Med.10.100-10.130), Standards of Professional Conduct (Fla. R. Med. 10.360, 10.370 and 10.420), and Discipline (Fla. R. Med.10.800-10.880).[4] The Committee also submits an administrative order to be issued by the Chief Justice in conjunction with the issuance of this opinion amending the rules. As relevant here, the administrative order outlines a new mediator certification requirements "point system" and replaces the current administrative order governing certification of mediators. See In re Rules Governing Certification of Mediators, Fla. Admin. Order No. AOSC00-8 (April 11, 2000) (on file with Clerk, Fla. Sup.Ct.).
*879 Prior to being submitted to the Court, the Committee's proposals were twice published for comment in The Resolution Report, which is sent to all persons who have completed a Supreme Court certified mediation training program. The proposals also were presented at the Dispute Resolution Center's 2004 Conference for Mediators and Arbitrators. Over sixty comments were received and considered by the Committee before it unanimously approved the proposal creating the new mediator certification point system.
After the Committee's proposals were filed with the Court, the proposals were published for comment in The Florida Bar News. Several comments were received by the Court. The Court also held oral argument on the proposals, where it heard from the Chair of the Committee. After considering the Committee's petition and the comments filed, and hearing from the Committee Chair, we adopt the proposed amendments to the Florida Rules for Certified and Court-Appointed Mediators, with the modifications discussed below. We also approve, on an interim basis as explained below, the new mediator certification requirements point system as modified for circuit court mediators and outlined in administrative order In re Rules Governing Certification of Mediators, Fla. Admin. Order No. AOSC06-9 (May 11, 2006), which is contained in appendix B to this opinion.

DISCUSSION
Currently the rules governing certification of mediators are contained in the Florida Rules for Certified and Court-Appointed Mediators and the administrative order In re Rules Governing Certification of Mediators, Fla. Admin. Order No. AOSC00-8 (April 11, 2000) (on file with Clerk, Fla. Sup.Ct.). See also In re Mediation Training Standards and Procedures, Fla. Admin. Order No. AOSC00-9 (April 11, 2000) (on file with Clerk, Fla. Sup.Ct.). The rules address mediator qualifications, standards of professional conduct, and discipline. Administrative order AOSC00-8, which administrative order AOSC06-9 replaces, addresses certification and renewal procedures, fees, mentorship requirements, immunity and confidentiality, and continuing mediator education.
The amendments to the rules are discussed below according to topicMediator Qualifications; Standards of Professional Conduct; and Discipline. We address Section I.B. of the new administrative order[5] along with the amendments to rule 10.100, Certification Requirements, because the new point system for mediator certification is outlined in that section of the administrative order rather than in the amended rule.

Mediator Qualifications

Rule 10.100, Certification Requirements; New Point System
New subdivision (a), General, of rule 10.100 retains the current good moral character certification requirement and adds a minimum age requirement of 21. As amended, the subdivisions of rule 10.100 that address the specific requirements for the various categories of certified mediators (county court, family, circuit court, dependency) provide that an applicant must satisfy the requirements contained in the administrative order issued by the Chief Justice. The new point-based requirements outlined in the administrative order are designed to replace the current *880 mandatory education/profession-based requirements contained in the rule with a more flexible point system based on training, education/experience, and mentorship.[6] Initially, before discussing their substance, we determine that the certification requirements should remain in the rules.
Section I.B, Certification Requirements, of administrative order AOSC06-9 outlines the new point system for each category of mediator.[7] The point requirement for each category of mediator (county, family, circuit, and dependency) is set at 100 points. Any applicant meeting the rule 10.100(a) requirements of good moral character and minimum age must obtain a total of 100 points in the areas of mediation training, education/mediation experience, mentorship, and miscellaneous activities, as outlined for each category of mediator.[8] According to the petition, the practical effect of this new point system is to remove the more formal mandatory education and profession-based requirements, for example, the current requirement for a family mediator of a masters, doctorate, medical, or law degree, or certified public accountant license, and to allow applicants to obtain certification in a variety of different ways more directly related to the actual skills and experience the Committee has determined to be necessary for service as an effective mediator.
We support the new point system in concept and can foresee no drawback to moving to a more practical and non-profession-based point system for certified county court, family, and dependency mediators. However, we are hesitant, at this time, without input from The Florida Bar, to remove the current requirement that a certified circuit court mediator must be a *881 member of The Florida Bar or a retired trial judge from any United States jurisdiction. Therefore, we have modified the point requirements for circuit court mediators to retain this requirement for the time being, pending input from The Florida Bar.[9]
In reaching the decision to retain this requirement, we considered the fact that, under the procedural rules, parties to a circuit court mediation may agree to utilize a mediator who is not certified and is not an attorney. See Fla. R. Civ. P. 1.720(f)(1)(B). We also understand from the petition and the comments filed that the new point-based certification requirements are consistent with the prevailing mediator standards and principles in the nationwide dispute resolution field, e.g., increasing ethnic and cultural diversity, providing the parties with greater choice of certified mediators, promoting the inclusion of nonlawyers, and building upon a qualification model based on mentorship, training, and experience. We likewise are aware that the general consensus in the alternative dispute resolution field is that possession of academic degrees, including law degrees, does not necessarily predict an individual's ability to be a good mediator. See Petition of the Committee on Alternative Dispute Resolution Rules and Policy at 3 (citing the findings of the 1988 Commission on Qualifications of the Society of Professionals in Dispute Resolution and the 1999 resolution of the American Bar Association Section on Dispute Resolution). Hence, we are aware that the Committee, by these recommended changes, is seeking to maintain Florida in its place of preeminence in the alternative dispute resolution field in the United States.
However, although we received only one comment from a member of The Florida Bar objecting to the proposed removal of the Florida Bar membership requirement for circuit court mediators, we are concerned that The Florida Bar has not commented on this proposal.
We therefore retain the Florida Bar membership requirement in the new point system for circuit court mediators until we have had an opportunity to seek and consider The Florida Bar's input on the removal of this requirement. After we have had an opportunity to consider the Bar's comment and the Committee's response to the Bar's input, we will reevaluate our decision to retain the Bar membership requirement and determine whether further amendments are in order.[10] We recognize that The Florida Bar, like others, has already been put on notice of these proposed changes and that the lack of comment from the Bar may have been an intentional choice indicating no opposition. However, *882 we believe the issue to be of sufficient importance that we should not rely on the lack of response, but rather should have actual comment by the Bar. Our direction for response, however, should not be taken to influence the content of that response.
As noted above, we also have determined that the certification requirements for mediators should remain in the rules rather than be set forth in an administrative order. Therefore, we ask the Committee to submit further proposals that incorporate the new point system outlined in the administrative order into the Rules for Certified and Court-Appointed Mediators.[11]

Rule 10.110, Good Moral Character
As proposed by the Committee, subdivision (c), Certification, of rule 10.110 is amended to provide for a continuing requirement of good moral character for a certified mediator. This change is consistent with rule 10.800(a), Good Moral Character, which provides the procedures for enforcing the good moral character requirement.
New subdivision (d), Decertification, is added to rule 10.110. Under the new subdivision, a certified mediator is subject to decertification for any knowingly and willfully submitted incorrect information in a mediator application. The new subdivision also establishes a rebuttable presumption that a knowing and willful violation has occurred if an application containing incorrect information is completed, signed, and notarized.

New Rule 10.120, Notice of Change of Address or Name
New rule 10.120, Notice of Change of Address or Name, requires a certified mediator to notify the Dispute Resolution Center (Center) of a change of residence, mailing address, or legal name within thirty days of the change.

New Rule 10.130, Notification of Conviction
New Rule 10.130, Notification of Conviction, is intended to assist the Center in enforcing the good moral character requirement. The rule requires that a conviction, as defined in subdivision (a), be reported in writing to the Center within thirty days of the conviction and specifies the procedures that must be followed after notice is received.

Standards of Professional Conduct

Rule 10.360, Confidentiality
The amendment to rule 10.360, Confidentiality, was proposed in response to the 2004 adoption of the Mediation Confidentiality and Privilege Act, sections 44.401-44.406, Florida Statutes (2005). See ch. 2004-291, § 4, Laws of Fla. Section 44.405(4)(a) of the Act enumerates exceptions to the confidentiality and privilege provisions of the Act.[12] Consistent with *883 that section of the Act, we have modified the Committee's proposed amendment to rule 10.360, Confidentiality, to read:
(a) Scope. A mediator shall maintain confidentiality of all information revealed during mediation except where disclosure is required or permitted by law or is agreed to by all parties.

This amendment is consistent with the amendment to rule 10.420(a)(3) discussed below.

Rule 10.420(a)(3), Conduct of Mediation; Orientation Session
Consistent with the Mediation Confidentiality and Privilege Act, discussed above, rule 10.420(a)(3) is amended, as proposed by the Committee, to require mediators to notify the parties that the communications made during the mediation process are confidential except where disclosure is required or permitted by law.

Rule 10.370, Advice, Opinions, or Information
The title of rule 10.370 is changed to more accurately reflect the contents of the rule. The rule currently prohibits a mediator from offering a personal or professional opinion intended to coerce the parties, decide the dispute, or direct a resolution of any issue. As recommended by the Committee, a fourth prohibition against "unduly influencing" the parties is added to the rule. This revision is consistent with subdivision (b) of rule 10.310, Self-Determination, which prohibits a mediator from coercing or improperly influencing any party to make a decision or unwillingly participate in mediation.

Discipline

Rule 10.800, Good Moral Character; Professional Discipline
The title of subdivision (b) of rule 10.800 is changed to "Professional Licenses and Certification." New subdivision (b)(1) is added to require a certified mediator to notify the Center, in writing, of any change in status of any professional license held by the mediator within thirty days of such change. According to the Committee, this change will assist the Center in monitoring adverse action taken against a mediator by professional organizations and prevent mediation from becoming a haven for individuals who have been found to be unworthy of holding another license or certification.

Rule 10.810, Committee Process
Several minor changes have been made to rule 10.810, Committee Process. Of note, subdivision (j), Committee Meeting with the Mediator or Applicant, is amended to specify that the complaint committee may meet with the complainant and the mediator either jointly or separately. The amendment also allows meetings with mediators or applicants to be conducted either in person, by video-conference or by teleconference. The amendment clarifies the rule to allow the complaint committee to take full advantage of any improvements in technology.

Rule 10.820, Hearing Procedures
As amended, rule 10.820(b), Hearing, allows the hearing panel to accept an admission from a mediator prior to the hearing. Under the amendment, if the panel accepts an admission, it can impose sanctions on the mediator without the necessity of *884 meeting physically in person to accept the admission, thereby saving cost and time. The amendment to subdivision (d), Procedures for Hearing, clarifies that the panel members must be physically present at the hearing.

Rule 10.830, Sanctions
New subdivision (b), Conviction of Felony, is added to rule 10.830 to require a decertification period of two years or until civil rights are restored, whichever comes later, if the panel finds a mediator has a felony conviction. In order to be reinstated, the mediator must comply with the requirements of renumbered subdivision (h), Reinstatement.
Renumbered subdivision (c), Failure to Comply, is amended to address the situation where additional failures to comply arise during the sixty-day period prior to the hearing on the initial failure to comply.

Rule 10.880, Chief Justice Review
Consistent with the Committee's proposal, subdivision (a), Right of Review, of rule 10.880 is amended to provide for review of mediator disciplinary action by the Chief Justice rather than by the Court. The title of the rule is changed accordingly. The Committee recommended this change in order to avoid any possible jurisdictional issues and make the review process more expeditious. Review by the Chief Justice is consistent with the Chief Justice's review of decisions relating to mediator qualifications. We have modified the proposed amendment to subdivision (b), Rules of Procedure, to provide that review by the Chief Justice shall be in accordance with procedures adopted in an administrative order issued by the Chief Justice.

CONCLUSION
In adopting these amendments, the Court thanks the Committee on Alternative Dispute Resolution Rules and Policy for its continued dedication in advising the Court on alternative dispute resolution policies and procedures. See In re Report of the Alternative Dispute Resolution Rules & Policy Comm. on Senior Judges as Mediators, 915 So.2d 145 (Fla.2005) (evaluating practice of senior judges serving as mediators and making recommendations concerning practice which were adopted by Court). The Court particularly recognizes the Committee's efforts to ensure that Florida remains a leader in court-authorized mediation and appreciates the hard work that went into the Committee's petition and proposed amendments to the rules governing Florida's certified mediators.
Accordingly, we amend the Florida Rules for Certified and Court-Appointed Mediators as reflected in appendix A to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. We also approve, on an interim basis, the mediator certification requirements point system outlined in administrative order AOSC06-9 contained in appendix B to this opinion. The amendments shall become effective August 1, 2006, at 12:01 a.m.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.

APPENDIX A

Florida Rules for Certified and Court-Appointed Mediators

Part I. Mediator Qualifications

Rule 10.100. General  Qualifications Certification Requirements
(a) General. For certification as a county court, family, circuit court, or dependency mediator, a mediator must be at least *885 21 years of age, and be of good moral character.
(ab) County Court Mediators. For certification a mediator of county court matters must be certified as a circuit court or family mediator or: For initial certification as a mediator of county court matters, an applicant must satisfy the requirements adopted pursuant to administrative order of the chief justice. Such order shall establish minimum requirements in the categories of training, education, and mentorship.
(1) complete a minimum of 20 hours in a training program certified by the supreme court;
(2) observe a minimum of 4 county court mediation conferences conducted by a court-certified mediator and conduct 4 county court mediation conferences under the supervision and observation of a court-certified mediator; and
(3) be of good moral character.
(bc) Family Mediators. For certification a mediator of family and dissolution of marriage issues must: For initial certification as a mediator of family and dissolution of marriage issues, an applicant must satisfy the requirements adopted pursuant to administrative order of the chief justice. Such order shall establish minimum requirements in the categories of training, education, experience, and mentorship.
(1) complete a minimum of 40 hours in a family mediation training program certified by the supreme court;
(2) have a master's degree or doctorate in social work, mental health, or behavioral or social sciences; be a physician certified to practice adult or child psychiatry; or be an attorney or a certified public accountant licensed to practice in any United States jurisdiction; and have at least 4 years practical experience in one of the aforementioned fields or have 8 years family mediation experience with a minimum of 10 mediations per year;
(3) observe 2 family mediations conducted by a certified family mediator and conduct 2 family mediations under the supervision and observation of a certified family mediator; and
(4) be of good moral character.
(cd) Circuit Court Mediators. For certification a mediator of circuit court matters, other than family matters, must:For initial certification as a mediator of circuit court matters, other than family matters, an applicant must satisfy the requirements adopted pursuant to administrative order of the chief justice. Such order shall establish minimum requirements in the categories of training, education, experience, and mentorship.
(1) complete a minimum of 40 hours in a circuit court mediation training program certified by the supreme court;
(2) be a member in good standing of The Florida Bar with at least 5 years of Florida practice and be an active member of The Florida Bar within 1 year of application for certification; or be a retired trial judge from any United States jurisdiction who was a member in good standing of the bar in the state in which the judge presided for at least 5 years immediately preceding the year certification is sought;
(3) observe 2 circuit court mediations conducted by a certified circuit mediator and conduct 2 circuit mediations under the supervision and observation of a certified circuit court mediator; and
(4) be of good moral character.
(de) Dependency Mediators. For certification a mediator of dependency matters, as defined in Florida Rules for Juvenile *886 Procedure 8.290(a) must: For initial certification as a mediator of dependency matters, as defined in Florida Rule of Juvenile Procedure 8.290, an applicant must satisfy the requirements adopted pursuant to administrative order of the chief justice. Such order shall establish minimum requirements in the categories of training, education, experience, and mentorship.
(1) complete a supreme court certified dependency mediation training program as follows:
(A) 40 hours if the applicant is not a certified family mediator or is a certified family mediator who has not mediated at least 4 dependency cases; or
(B) 20 hours if the applicant is a certified family mediator who has mediated at least 4 dependency cases; and
(2) have a master's degree or doctorate in social work, mental health, behavioral sciences or social sciences; or be a physician licensed to practice adult or child psychiatry or pediatrics; or be an attorney licensed to practice in any United States jurisdiction; and
(3) have 4 years experience in family and/or dependency issues or be a licensed mental health professional with at least 4 years practical experience or be a supreme court certified family or circuit mediator with a minimum of 20 mediations; and
(4) observe 4 dependency mediations conducted by a certified dependency mediator and conduct 2 dependency mediations under the supervision and observation of a certified dependency mediator; and
(5) be of good moral character.
(ef) Senior Judges Serving As Mediators. [No Change]
(fg) Referral for Discipline. [No Change]
(gh) Special Conditions. Mediators who have been duly certified as circuit court or family mediators before July 1, 1990, shall be deemed qualified as circuit court or family mediators pursuant to these rules. Certified family mediators who have mediated a minimum of 4 dependency cases prior to July 1, 1997, shall be granted temporary certification and may continue to mediate dependency matters for no more than 1 year from the time that a training program pursuant to subdivision (d)(1)(B) is certified by the supreme court. Such mediators shall be deemed qualified to apply for certification as dependency mediators upon successful completion of the requirements of subdivision (d)(1)(B) and (d)(5) of this rule. Mediators who are certified prior to August 1, 2006, shall not be subject to the point requirements for any category of certification in relation to which continuing certification is maintained.

Rule 10.110. Good Moral Character
(a)(b) [No Change]
(c) Initial Certification. The following shall apply in relation to determining the good moral character required for initial and continuing mediator certification:
(1) The applicant's or mediator's good moral character may be subject to inquiry when the applicant's or mediator's conduct is relevant to the qualifications of a mediator.
(2) A person An applicant for initial certification who has been convicted of a felony shall not be eligible for certification until such person has received a restoration of civil rights.
(3) A person An applicant for initial certification who is serving a sentence of felony probation shall not be eligible for certification until termination of the period of probation.
*887 (4) In assessing whether the applicant's previous or mediator's conduct demonstrates a present lack of good moral character the following factors shall be relevant:
(A) the extent to which the conduct would interfere with a mediator's duties and responsibilities;
(B) the area of mediation in which certification is sought or held;
(C) the factors underlying the conduct;
(D) the applicant's or mediator's age at the time of the conduct;
(E) the recency of the conduct;
(F) the reliability of the information concerning the conduct;
(G) the seriousness of the conduct as it relates to mediator qualifications;
(H) the cumulative effect of the conduct or information;
(I) any evidence of rehabilitation;
(J) the applicant's or mediator's candor during the application process; and
(K) denial of application, disbarment, or suspension from any profession.
(d) Decertification. A certified mediator shall be subject to decertification for any knowing and willful incorrect material information contained in any mediator application. There is a presumption of knowing and willful violation if the application is completed, signed, and notarized.

Rule 10.120. Notice of Change of Address or Name.
(a) Address Change. Whenever any certified mediator changes residence or mailing address, that person must within 30 days thereafter notify the center of such change.
(b) Name Change. Whenever any certified mediator changes legal name, that person must within 30 days thereafter notify the center of such change.

Rule 10.130. Notification of Conviction
(a) Definition. "Conviction" means a determination of guilt resulting from a plea to a felony or misdemeanor of the first degree, regardless of whether adjudication was withheld or whether imposition of sentence was suspended. All Florida, federal, out-of-state, military, and foreign convictions as an adult or violations of county ordinances that bring within the municipal or county code the violation of a state statute or statutes shall qualify as convictions.
(b) Report of Conviction. A conviction shall be reported in writing to the center within 30 days of such conviction. A report of conviction shall include a copy of the order or orders pursuant to which the conviction was entered.
(c) Suspension. Upon receipt of a report of felony conviction, the center shall immediately suspend all certifications and refer the matter to the qualifications complaint committee.
(d) Referral. Upon receipt of a report of a misdemeanor conviction, the center shall refer the matter to the qualifications complaint committee for appropriate action. If the center becomes aware of a conviction prior to the required notification, it shall refer the matter to the qualifications complaint committee for appropriate action.

Rule 10.360. Confidentiality
(a) Scope. A mediator shall maintain confidentiality of all information revealed during mediation except where disclosure is required or permitted by law or is agreed to by all parties.
(b)(c) [No Change]

*888 Rule 10.370. Professional Advice , or Opinions, or Information
(a)(b) [No Change]
(c) Personal or Professional Opinion. A mediator shall not offer a personal or professional opinion intended to coerce the parties, unduly influence the parties, decide the dispute, or direct a resolution of any issue. Consistent with standards of impartiality and preserving party self-determination however, a mediator may point out possible outcomes of the case and discuss the merits of a claim or defense. A mediator shall not offer a personal or professional opinion as to how the court in which the case has been filed will resolve the dispute.

Rule 10.420. Conduct of Mediation
(a) Orientation Session. Upon commencement of the mediation session, a mediator shall describe the mediation process and the role of the mediator, and shall inform the mediation participants that:
(1)(2) [No Change]
(3) communications made during the process are confidential, except where disclosure is required or permitted by law.
(b)(c) [No Change]

Rule 10.720. Definitions
(a)(b) [No Change]
(c) Complaint. Formal submission of an alleged violation of the Rules for Certified and Court-Appointed Mediators, including allegations of a lack of good moral character. A complaint may originate from any person or from the Centercenter.
(d)(j) [No Change]

Rule 10.740. Jurisdiction
(a) [No Change]
(b) Qualifications Complaint Committee. The qualifications complaint committee shall have jurisdiction over all matters referred pursuant to rule 10.800. The qualifications complaint committee shall have such jurisdiction and powers as are necessary to conduct the proper and speedy investigation and disposition of any good moral character complaint or other matter referred by the Centercenter. The judge or attorney presiding over the qualifications complaint committee shall have the power to compel the attendance of witnesses, to take or to cause to be taken the depositions of witnesses, and to order the production of records or other documentary evidence, and the power of contempt. The qualifications complaint committee shall perform its investigatory function and have concomitant power to resolve cases prior to panel referral.
(c)(d) [No Change]

Rule 10.800. Good Moral Character; Professional Discipline
(a) Good Moral Character.
(1) Prior to approving an applicant for certification or renewal as a mediator the Centercenter shall review the application to determine whether the applicant appears to meet the standards for good moral character. If the Center'scenter's review of an application for certification or renewal raises any questions regarding the applicant's good moral character, the Centercenter shall request the applicant to supply additional information as necessary. Upon completing this extended review, the Centercenter shall forward the application and supporting material as a complaint to the qualifications complaint committee.
(2) If the Centercenter becomes aware of any information concerning a certified mediator which could constitute credible evidence of a lack of good moral character, the Centercenter shall refer such information as a complaint to the qualifications complaint committee.
(3)(5) [No Change]
*889 (b) Professional DisciplineLicenses and Certifications.
(1) A certified mediator shall inform the center, in writing, of the change in status of any professional license held by the mediator within 30 days of such change.
(2) Upon becoming aware that a certified mediator has been disciplined by a professional organization of which that mediator is a member, the Centercenter shall refer the matter to the qualifications complaint committee.

Rule 10.810. Committee Process
(a)(e) [No Change]
(f) Service. The center shall sendserve a copy of the list of alleged rule violations prepared by the committee, a copy of the complaint, and a copy of these rules to the mediator or applicant in question. Service on the mediator or applicant shall be made by registered or certified mail addressed to the mediator or applicant at the mediator's or applicant's place of business or residence on file with the center. Mailing to such an address shall constitute service.
(g)(i) [No Change]
(j) Committee Meeting with the Mediator or Applicant. Notwithstanding any other provision in this rule, at any time while the committee has jurisdiction, it may meet with the complainant and the mediator or applicant, jointly or separately, in an effort to resolve the matter. This resolution may include sanctions if agreed to by the mediator or applicant. If sanctions are accepted, all relevant documentation shall be forwarded to the center. Such conferences shall be in person, by video-conference or teleconference at the discretion of the committee.
(k)(l) [No Change]
(m) Probable Cause Found. If probable cause exists, the committee may draft formal charges and forward such charges to the center for assignment to a panel. In the alternative, the committee may decide not to pursue the case by filing a short and plain statement of the reason(s) or reasons for non-referral and so advise the complainant and the mediator or applicant in writing.
(n)(o) [No Change]

Rule 10.820. Hearing Procedures
(a) [No Change]
(b) Hearing. The center shall schedule a hearing not more than 90 days nor less than 30 days from the date of notice of assignment of the matter to the panel. At any time prior to the hearing, the panel may accept an admission to any or all charges and impose sanctions upon the mediator. The panel shall not be required to physically meet in person to accept such admission.
(c) [No Change]
(d) Procedures for Hearing. The procedures for hearing shall be as follows:
(1) No hearing shall be conducted without 5 panel members being physically present.
(2)(4) [No Change]
(e)(n) [No Change]

Rule 10.830. Sanctions
(a) [No Change]
(b) Conviction of Felony. If the panel finds that a certified mediator has a felony conviction, it shall decertify the mediator for a period of not less than two years or until restoration of civil rights, whichever comes later. In order to become reinstated, such decertified mediator must comply with the requirements of subdivision (h).
(bc) Failure to Comply. If there is reason to believe that the mediator failed *890 to timely comply with any imposed sanction, a hearing shall be held before a panel convened for that purpose within 60 days of the date when the center learned of the alleged failure to comply. The hearing shall also include any additional alleged failures to comply of which the center becomes aware prior to the date of the hearing. The holding of a hearing shall not preclude a subsequent hearing on an alleged failure occurring after the first alleged failure. Any suspension in effect at the time of the discovery of the violation by the center shall continue in effect until a decision is reached at the hearing. A finding of the panel that there was a willful failure to substantially comply with any imposed sanction shall result in the decertification of the mediator.
(cd) Decertified Mediators. [No Change]
(de) Decision to be Filed. [No Change]
(ef) Notice to Circuits. [No Change]
(fg) Publication. [No Change]
(gh) Reinstatement. Except if inconsistent with rule 10.110, a mediator who has been suspended or decertified may be reinstated as a certified mediator. Except as otherwise provided in the decision of the panel, no application for reinstatement may be tendered within 2 years after the date of decertification. The reinstatement procedures shall be as follows:
(1) A petition for reinstatement, together with 36 copies, shall be made in writing, verified by the petitioner, and filed with the center.
(2)(4) [No Change]

Rule 10.880. Supreme Court Chief Justice Review
(a) Right of Review. Any mediator or applicant found to have committed a violation of these rules or is otherwise sanctioned by a hearing panel shall have a right of review of the action taken by the panel. Review of this type shall be under the jurisdiction of by the Chief Justice of the Supreme Court of Florida. Notice of review shall be filed with the clerk of the Supreme Court of Florida. A mediator shall have no right of review of any solution reached pursuant to rule 10.810(j)
(b) Rules of Procedure. The Florida Rules of Appellate Procedure shall be applicable to review by the Florida Supreme Court. Review by the chief justice shall be in accordance with procedures adopted pursuant to administrative order of the chief justice.

APPENDIX B

Supreme Court of Florida

No. AOSC06-9

IN RE: RULES GOVERNING CERTIFICATION OF MEDIATORS
Chapter 44, Florida Statutes, places in the Supreme Court of Florida the responsibility for certifying all persons who are eligible to receive court referrals for mediation. Pursuant to Chapter 44, this Court adopted rule 10.100, Florida Rules for Certified and Court-Appointed Mediators, specifying the requirements for such mediators.
Chief Justice Harding issued an administrative order on April 11, 2000, entitled "Rules Governing Certification of Mediators," which superseded previous orders on the subject. The provisions of that order are superseded by this order.

I. Initial Certification

A. Application
The certification application provided by the Dispute Resolution Center (Center) shall be completed by all individuals seeking *891 certification, in accordance with the following procedures:
Upon receiving the list of individuals completing training from a certified mediation training provider, the Center shall send to all individuals on the list an application and information on the certification requirements.
An application shall be complete upon filing. However, if incomplete upon filing, such incomplete application may not remain pending for a period longer than one year. Any application pending more than one year from the date of original filing shall be denied and returned to the applicant. The one-year period shall be tolled during any review by the Center or Mediator Qualifications Board.
Applications must include two original letters of reference attesting to the applicant's good moral character. These letters must be written by non-family members who are familiar with the experience and qualifications of the applicant.
Any material misrepresentation by the applicant in the application process shall be automatically referred to the Mediator Qualifications Board.

B. Certification Requirements
To obtain certification, an applicant shall meet all certification requirements pursuant to Florida Rule for Certified and Court-Appointed Mediators 10.100 and this order. These requirements shall apply to all persons seeking certification as a mediator effective August 1, 2006. However, an applicant may apply under the previous requirements for a period of one year from August 1, 2006.
Attached is a table which illustrates the contents of this section. Any discrepancy between the table and this certification requirements section shall be resolved in favor of this section.

Point Requirements
County Court Mediators. Any person applying for certification as a county court mediator is required to have 100 points, with 30 points for successful completion of a Florida Supreme Court certified county court mediation training program, ten points for education, and 60 points for mentorship. An applicant must have at least a high school diploma or a General Equivalency Diploma (GED). Additional points shall also be provided in the sections dealing with education/mediation experience, mentorship, and miscellaneous activities.
Family Mediators. Any person applying for certification as a family mediator is required to have 100 points, with a minimum of 30 points for successful completion of a Florida Supreme Court certified family mediation training program, 25 points for education/mediation experience, and 30 points for mentorship. An applicant must have a minimum of a bachelor's degree. Additional points above the minimum requirements may be awarded for completion of additional education/mediation experience, mentorship, and miscellaneous activities.
Circuit Court Mediators. Any person applying for certification as a circuit court mediator is required to have 100 points, with a minimum of 30 points for successful completion of a Florida Supreme Court certified circuit mediation training program, 25 points for education/mediation experience, and 30 points for mentorship. An applicant must be a member in good standing of The Florida Bar with at least five years of Florida practice and be an active member of The Florida Bar within one year of application for certification; or be a retired trial judge from any United States jurisdiction who was a member in *892 good standing of the bar in the state in which the judge presided for at least five years immediately preceding the year certification is sought. Additional points above the minimum requirements may be awarded for completion of additional education/mediation experience, mentorship, and miscellaneous activities.
Dependency Mediators. Any person applying for certification as a dependency mediator is required to have 100 points, with a minimum of 30 points for successful completion of a Florida Supreme Court certified dependency mediation training program, 25 points for education/mediation experience, and 40 points for mentorship. An applicant must have a minimum of a bachelor's degree. Additional points above the minimum requirements may be awarded for completion of additional education/mediation experience, mentorship, and miscellaneous activities.

Point Categories
Mediation Training. Applicants must complete a Florida Supreme Court certified training program for the type of mediation in which they are seeking certification. In order to qualify as a Florida Supreme Court certified training program, a training program must satisfy all of the requirements of Administrative Order AOSC00-9 or any successor order. Applicants shall have completed the requisite certified mediation training program within two years immediately preceding the date of application.
Education/Mediation Experience. Points shall be awarded in accordance with the following schedule (points are only awarded for the highest level of education completed and honorary degrees are not included):

 High School Diploma/GED 10 points
 Associate's Degree 15 points
 Bachelor's Degree 20 points
 Master's Degree 25 points
 Master's Degree in Conflict Resolution 30 points
 Doctorate (e.g., Ph.D., J.D., M.D., Ed.D., LL.M.) 30 points
 Ph.D. from Accredited Conflict Resolution Program 40 points

In addition, five points will be awarded for completion of a graduate level conflict resolution certificate program in an institution which has been accredited by the Middle States Association of Schools and Colleges, the New England Association of Schools and Colleges, the North Central Association of Schools and Colleges, the Northwest Association of Schools and Colleges, the Southern Association of Schools and Colleges, the Western Association of Schools and Colleges, the American Bar Association, or an entity of equal status.
Any applicant relying on an educational degree shall provide evidence of such degree in the form of a transcript mailed directly from the educational institution to the Center. Such applicant must also enclose a copy of the diploma evidencing such education. In the event that such documentation is unavailable, the applicant must submit another form of appropriate documentation, such as a sworn affidavit.
An additional one point per year will be awarded to a Florida Supreme Court certified mediator for each year that mediator has mediated at least 15 cases of any type. In the alternative, a maximum of five points will be awarded to any mediator, *893 regardless of Florida Supreme Court certification, who has conducted a minimum of 100 mediations over a consecutive five-year period. Any applicant relying on years of mediation experience shall include an affidavit attesting to such experience.
Mentorship. Mentorship shall include observing mediations conducted by certified mediators and conducting mediations under the supervision and observation of certified mediators. The mentorship requirements for those seeking certification shall be performed in a manner consistent with the following requirements:
The responsibility of structuring a mentorship rests with each trainee. The trainee shall not receive any fees for any case which the trainee utilizes to complete the required mentorship.
All duly certified mediators are required to allow, upon request, a minimum of two mediation observations or supervised mediations per year. The certified mediator shall not charge the trainee any fees to observe a mediation conducted by the certified mediator, but may charge a reasonable fee for observing and supervising a trainee while the trainee conducts a mediation. In addition, the certified mediator shall be entitled to any compensation paid for the mediation.
The certified mediator shall remain in control of the case.
In order for an applicant to be awarded mentorship points, the applicant must work with at least two different certified mediators and the mediations involved must be of the type for which certification is sought.
The confidentiality and privileges provided in the Mediation Confidentiality and Privilege Act shall apply when a trainee serves as a mediator, comediator, or observer.
Ten points will be awarded for each completed supervised mediation and five points for each mediation session observed.
State-funded trial court mediation programs shall assist trainees in completing their mentorship requirements.
Applicants shall provide original signatures of all mentors in relation to all mentorship activity claimed.
Mediation Observations
For each observation required for certification, the trainee must observe an entire session of the type of mediation for which certification is sought, conducted by a certified mediator of the type for which certification is sought. The observation requirement shall not be satisfied by any individual who is a party, participant, or representative in the mediation. A trainee may not fulfill the observation requirements before beginning a certified mediation training program. The observation requirement may be completed prior to the conclusion of the certified mediation training program. An appellate or pre-suit mediation which is or would have been the type of mediation for which certification is sought if it had been filed in a trial court and if conducted by a certified mediator of the type for which certification is sought may be utilized for observation purposes. A federal court mediation conducted by a certified circuit mediator may be utilized to fulfill a circuit mentorship. Administrative agency mediation conducted under rules and procedures other than those of the state trial courts may not be utilized to fulfill the mentorship requirements.
Supervised Mediations
The requirement that the trainee conduct a mediation under the supervision *894 and observation of a certified mediator may be fulfilled by the trainee comediating with a certified mediator only if, in the opinion of the certified mediator, the trainee had a significant impact on the outcome of or made a substantial contribution to the mediation. At the conclusion of the mediation, the mentor shall determine if the trainee had a significant impact on the outcome of or made a substantial contribution to the mediation. If so, it may qualify as a "supervised" mediation. If not, it will qualify only as an observation.
For purposes of the requirement to conduct mediations, mediation is defined as a complete case, which may consist of multiple sessions. The entire mediation shall be comediated or observed by a certified mediator of the type for which certification is sought. In the event the trainee is only able to participate in a single session of a multisession mediation, such participation qualifies as an observation regardless of the trainee's level of participation. An appellate or pre-suit mediation which is or would have been the type of mediation for which certification is sought if it had been filed in a trial court and if conducted by a certified mediator of the type for which certification is sought may be utilized for the requirements to conduct mediations under observation and supervision. A federal court mediation conducted by a certified circuit mediator may be utilized to fulfill a circuit mentorship. Administrative agency mediation conducted under rules and procedures other than those of the state trial courts may not be utilized to fulfill the mentorship requirements.
Miscellaneous. Five points shall be awarded to applicants currently licensed or certified in any United States jurisdiction in psychology, accounting, social work, mental health, health care, education, or the practice of law or mediation. Such award shall not exceed a total of five points regardless of the number of licenses or certifications obtained. Any applicant requesting certification on the basis of licensure in a profession shall provide all applicable information necessary for the Center to verify such licensure.
Five points shall be awarded for possessing conversational ability in a foreign language as demonstrated by certification by the American Council on the Teaching of Foreign Languages (ACTFL) Oral Proficiency Test, qualification as a court interpreter, accreditation by the American Translators Association, or approval as a sign language interpreter by the Registry of Interpreters for the Deaf. Such award shall not exceed five total points regardless of the number of languages in which the applicant is proficient.
Five points shall be awarded for each of the following two categories: successful completion of an additional mediation training program (minimum 30 hours in length) certified/approved by a state or court other than Florida in addition to the required Florida Supreme Court certified mediation training program, and certification as a mediator by the Florida Supreme Court. Such award shall not exceed five points per category regardless of the number of trainings completed or certifications obtained.
Any applicant requesting certification on the basis of specific experience shall provide a resume detailing the experience and any other information necessary for the Center to verify such experience.

*895 Fees
The following fees shall be required for the application and certification process:

 Application Fee $ 10 (nonrefundable)
 Certification Fees
 County $ 40
 Family $100
 Circuit $100
 Dependency $ 50
 Family/Circuit $175 (filed simultaneously)
 Family/Dependency $130 (filed simultaneously)
 Circuit/Dependency $130 (filed simultaneously)
 Family/Dependency/Circuit $200 (filed simultaneously)

The $10 application fee is nonrefundable. Certification fees shall be returned to applicants who, upon review of their applications, are deemed ineligible to be certified. Applicants who are denied certification may reapply upon meeting the qualifications for certification.
Applicants who meet the requirements for mediator certification shall be certified for a two-year period and shall be provided with a certificate from the Supreme Court evidencing such certification.

Review Process
An applicant who disagrees with a finding of ineligibility may object in writing within 35 days of the initial determination of ineligibility as indicated in a certificate of mailing. Any such response shall be reviewed by the Supreme Court Committee on Alternative Dispute Resolution Rules and Policy, which may appoint a subcommittee to review such matters, and which shall make a recommendation to the chief justice. The decision of the chief justice shall be final.

II. Certification Renewal

A. Application for Renewal
Mediators seeking continued certification shall be required to file an application for renewal and a completed Continuing Mediator Education Reporting Form. Any material misrepresentation by a mediator in the renewal process shall be automatically referred to the Mediator Qualifications Board.

B. Continuing Mediator Education
The purpose of continuing mediator education (CME) shall be to enhance the participant's professional competence as a mediator. The requirement of CME and the reporting thereof shall apply to all certified mediators seeking renewal and shall be fulfilled in accordance with the following procedures:

General Requirement
In order to qualify as CME, a course or activity shall have significant, current intellectual or practical content and shall constitute an organized program of learning directly related to the practice of mediation. CME shall be conducted by an individual or group qualified by practical or academic experience. All certified mediators (mediators) must complete a minimum of 16 hours of CME, which shall include a minimum of four hours of mediator ethics, a minimum of two hours of domestic violence education, and a minimum *896 of one hour of diversity/cultural awareness education, in each two-year renewal cycle, including the two years following initial certification. In addition, family and dependency mediators must complete an additional two hours of the required 16 hours in domestic violence education in each renewal cycle for a total of four hours. Mediator certification shall not be renewed until all CME requirements are completed.
Mediators who are certified in more than one area must complete 16 hours of CME applicable to each of their areas of certification. Hours completed may be utilized toward more than one area of certification if the subject matter is relevant to the fields of certification. For example, courses on such topics as mediator ethics, domestic violence, and general mediation skills may be credited to any or all of the areas of certification.
At a minimum, 50 percent of the required CME hours must be satisfied by attendance, not as a lecturer or presenter, at a live lecture, live seminar, or an audio/video playback of a seminar attended by a group that discussed the materials presented. Interactive internet presentations may be counted as attendance at a live lecture. Noninteractive internet presentations shall be applied toward the audio-visual category. A maximum of four hours of CME may be earned through mentoring as defined above. Mentoring activities cannot be applied toward the required ethics, diversity/cultural awareness, or domestic violence CME components.
Attending and lecturing or teaching at the same CME presentation will not entitle a mediator to additional credit. The prohibition against repeat attendance shall not apply to annual conferences and yearly updates.
Continuing education completed for another profession's continuing education requirement may be used as CME if the material bears directly on the mediator's mediation practice and complies with the CME guidelines set forth in this order.

Definition
A CME hour is defined as 50 minutes. CME may be completed during the mediator's renewal cycle in any of the following formats:
(1) attending a live lecture or seminar;
(2) listening to or viewing an audio or video presentation of a lecture or seminar with a group, and participating in a discussion of the materials presented;
(3) listening to or viewing audio or video presentations;
(4) comediating or supervising trainees as part of the trainees' mentorship requirements;
(5) participating in internet presentations;
(6) lecturing or teaching in CME courses; and
(7) authoring or editing written materials submitted for publication and that have significant intellectual or practical content directly related to the practice of mediation.

Reporting Requirements
Mediators must maintain proof of attendance of CME or other appropriate documentation and must report their CME at the end of each two-year renewal cycle on the Center's renewal form. The mediator shall be responsible to keep all records relating to CME, which records shall be subject to audit. In addition, the mediator must certify that he or she has read the current Florida mediation rules, statutes, and procedures.
*897 Any CME hours completed may be utilized for only one renewal cycle. Hours in excess of the requirement shall not be carried forward to the next renewal cycle.
If all other qualifications for renewal are met, but a mediator is deficient in CME credits, the mediator shall be notified in writing and certification shall be continued for 90 days from the notice of noncompliance. During those 90 days, the mediator shall complete all remaining CME requirements in order to be eligible for renewal.

Review Process
A mediator who disagrees with a finding of deficiency may object in writing within 35 days of the initial determination of deficiency as indicated in a certificate of mailing. Any such response shall be reviewed by the Supreme Court Committee on Alternative Dispute Resolution Rules and Policy, which may appoint a subcommittee to review such matters, and which shall make a recommendation to the chief justice. The decision of the chief justice shall be final.

C. Fees
Renewal fees shall be at the same levels as for initial certification. All mediators seeking renewal shall be responsible for these fees. However, for renewals which are filed timely, the $40 county mediator renewal fee will be waived upon written confirmation from the ADR Program Director (or designee) that the mediator served as a volunteer in the county court mediation program during the prior certification period.
Mediators whose certification has lapsed may renew certification up to 180 days from the lapse date upon payment of an additional late fee in an amount equal to the mediator's renewal fee. Mediators who apply for renewal within 365 days after the lapse date will be required to pay a late fee equal to five times the mediator's renewal fee, up to a maximum of $500. Mediators who apply for certification after day 365 will be required to meet the initial requirements for certification, including satisfactory completion of a certified mediation training program and fulfillment of the mentorship requirements. For purposes of this paragraph, the lapse date reverts back to the initial renewal date, notwithstanding any CME extensions.
A mediator may request an extension of the renewal requirements and a waiver of any penalties for an extraordinary hardship. If such request is denied, a request for review may be taken to the Alternative Dispute Resolution Rules and Policy Committee, which may appoint a subcommittee to review such matters, and which shall make a recommendation to the chief justice. The chief justice's decision shall be final.

III. Administrative Responsibility
Administrative responsibility for implementation of the provisions of chapter 44, Florida Statutes; rule 10.100, Florida Rules for Certified and Court-Appointed Mediators; and this administrative order shall be with the Dispute Resolution Center of the Office of the State Courts Administrator.
All certification, application, renewal, and late fees shall be deposited in the Supreme Court's Mediation and Arbitration Trust Fund to be used to provide support for implementing the applicable statutes, rules, and this administrative order.
DONE AND ORDERED at Tallahassee, Florida, on May 11, 2006.
 /s/ Barbara J. Pariente
 Chief Justice Barbara J. Pariente

*898
 TABLE
--------------------------------------------------------------------------------------------------------
 Points Needed Per
 Area of Certification Minimum Points Required in Each Area
--------------------------------------------------------------------------------------------------------
 County 100 30 certified county mediation training; 10 education (minimum
 HS Diploma/GED); 60 mentorship
--------------------------------------------------------------------------------------------------------
 Family 100 30 certified family mediation training; 25 education/mediation experience
 (minimum Bachelor's Degree); 30 mentorship [and requires 15 additional
 points]
--------------------------------------------------------------------------------------------------------
 Dependency 100 30 certified dependency mediation training; 25 education/mediation experience
 (minimum Bachelor's Degree); 40 mentorship [and requires 5 additional
 points]
--------------------------------------------------------------------------------------------------------
 Circuit 100 30 certified circuit mediation training; 25 education/mediation experience
 (minimum Bachelor's Degree); 30 mentorship [and requires 15 additional
 points]
--------------------------------------------------------------------------------------------------------
 Additional points may be earned for education/mediation experience, mentorship, and miscellaneous
 activities.
--------------------------------------------------------------------------------------------------------
--------------------------------------------------------------------------------------------------------
 Education/Mediation Experience (points awarded for highest level of education received)
--------------------------------------------------------------------------------------------------------
 HS Diploma/GED 10 points Master's Degree in Conflict Resolution 30 points
--------------------------------------------------------------------------------------------------------
 Associate's Degree 15 points Doctorate (e.g., J.D., M.D., Ph.D., Ed.D., LL.M.) 30 points
--------------------------------------------------------------------------------------------------------
 Bachelor's Degree 20 points Ph.D. from accredited CR Program 40 points
--------------------------------------------------------------------------------------------------------
 Master's Degree 25 points Graduate Certificate CR Program +5 points
--------------------------------------------------------------------------------------------------------
 Florida certified mediator: 1 point per year in which mediated at least 15 mediations (any type) OR
 any mediator: 5 points for minimum of 100 mediations (any type) over a 5-year period.
--------------------------------------------------------------------------------------------------------
--------------------------------------------------------------------------------------------------------
 Mentorship  must work with at least 2 different certified mediators and must be completed for
 the type of certification sought
--------------------------------------------------------------------------------------------------------
 Observation 5 points each session
--------------------------------------------------------------------------------------------------------
 Supervised Mediation 10 points each complete mediation
--------------------------------------------------------------------------------------------------------
--------------------------------------------------------------------------------------------------------
 Miscellaneous Points
--------------------------------------------------------------------------------------------------------
 Licensed to practice law, psychology, accounting, social work, mental health, 5 points (total)
 health care, education, or mediation in any US jurisdiction
--------------------------------------------------------------------------------------------------------
 Florida Certified Mediator 5 points (total)
--------------------------------------------------------------------------------------------------------
 Foreign Language Conversational Ability as demonstrated by certification by 5 points (total)
 ACFTL Oral Proficiency Test; qualified as a court interpreter; or accredited by
 the American Translators Association; Sign Language Interpreter as demonstrated
 by approval by the Registry of Interpreters for the Deaf
--------------------------------------------------------------------------------------------------------
 Completion of an additional mediation training program (minimum 30 hours in 5 points (total)
 length) certified/approved by a state or court other than Florida
--------------------------------------------------------------------------------------------------------

NOTES
[1] We have jurisdiction. Art. V, § 2(a), Fla. Const.; see also § 44.106, Fla. Stat. (2005).
[2] The Committee consists of a diverse group, including attorney mediators, non-attorney mediators, judges, a trial court administrator, and the dean of the conflict resolution graduate program.
[3] In July 2003, the Committee on Alternative Dispute Resolution Rules and the Committee on Alternative Dispute Resolution Policy were merged and reconstituted as the Committee on Alternative Dispute Resolution Rules and Policy. See In re Committee on Alternative Dispute Resolution Rules and Policy, Fla. Admin. Order No. AOSC03-32 (July 8, 2003) (on file with Clerk, Fla. Sup. Ct). The Committee is charged with, among other things, monitoring and recommending amendments to court rules governing alternative dispute resolution procedures and monitoring and recommending revisions to the continuing education, mentorship, and basic mediation training requirements. See id. at 2-3.
[4] The Committee also proposes technical amendments to rules 10.720 and 10.740, which we adopt, but do not discuss here.
[5] Administrative order AOSC06-9, contained in appendix B and issued contemporaneously with this opinion, also modifies current mentorship, continuing mediator education, and fee requirements. We do not address those changes here.
[6] Renumbered subdivision (h), Special Conditions, is amended to provide that mediators who are certified prior to the effective date of the amendments shall not be subject to the point requirements for any category of certification in relation to which continuing certification is maintained.
[7] The administrative order provides for a transitional period of one year after the effective date of the amendments during which an applicant can choose to seek certification under either the old or new standards.
[8] Section I.B, Certification Requirements, of the administrative order provides the following "point requirements" for a person applying for certification as a county court mediator:

100 points, with 30 points for successful completion of a Florida Supreme Court certified county court mediation training program, ten points for education, and 60 points for mentorship. An applicant must have at least a high school diploma or a General Equivalency Diploma (GED). Additional points shall also be provided in the sections dealing with education/mediation experience, mentorship, and miscellaneous activities.
A person applying for certification as a family mediator must meet the following point requirements:
100 points, with a minimum of 30 points for successful completion of a Florida Supreme Court certified family mediation training program, 25 points for education/mediation experience, and 30 points for mentorship. An applicant must have a minimum of a bachelor's degree. Additional points above the minimum requirements may be awarded for completion of additional education/mediation experience, mentorship, and miscellaneous activities.
A person applying for certification as a dependency mediator must meet the following point requirements:
100 points, with a minimum of 30 points for successful completion of a Florida Supreme Court certified dependency mediation training program, 25 points for education/mediation experience, and 40 points for mentorship. An applicant must have a minimum of a bachelor's degree. Additional points above the minimum requirements may be awarded for completion of additional education/mediation experience, mentorship, and miscellaneous activities.
[9] As modified, the administrative order provides the following point requirements for certification as a circuit court mediator (emphasis added):

100 points, with a minimum of 30 points for successful completion of a Florida Supreme Court certified circuit mediation training program, 25 points for education/mediation experience, and 30 points for mentorship. An applicant must be a member in good standing of The Florida Bar with at least five years of Florida practice and be an active member of The Florida Bar within one year of application for certification; or be a retired trial judge from any United States jurisdiction who was a member in good standing of the bar in the state in which the judge presided for at least five years immediately preceding the year certification is sought. Additional points above the minimum requirements may be awarded for completion of additional education/mediation experience, mentorship, and miscellaneous activities.
[10] We ask The Florida Bar to file its comment on this proposal by August 9, 2006. The Committee should file its response within thirty days after service of the Bar's comment.
[11] The Committee should file its proposed rule amendments by August 9, 2006.
[12] Section 44.405(4)(a), Florida Statutes (2005), provides:

Notwithstanding subsections (1) [confidentiality] and (2) [privilege], there is no confidentiality or privilege attached to a signed written agreement reached during a mediation, unless the parties agree otherwise, or for any mediation communication:
1. For which the confidentiality or privilege against disclosure has been waived by all parties;
2. That is willfully used to plan a crime, commit or attempt to commit a crime, conceal ongoing criminal activity, or threaten violence;
3. That requires a mandatory report pursuant to chapter 39 [Proceedings Relating to Children] or chapter 415 [Adult Protective Services] solely for the purpose of making the mandatory report to the entity requiring the report;
4. Offered to report, prove, or disprove professional malpractice occurring during the mediation, solely for the purpose of the professional malpractice proceeding;
5. Offered for the limited purpose of establishing or refuting legally recognized grounds for voiding or reforming a settlement agreement reached during a mediation; or
6. Offered to report, prove, or disprove professional misconduct occurring during the mediation, solely for the internal use of the body conducting the investigation of the conduct.