PER CURIAM.
This matter is before the Court on the petition of The Florida Bar proposing that the Court amend the Rules Regulating the Florida Bar by adopting chapter 20, the Florida Registered Paralegal Program. We have jurisdiction. See art. V, § 15, Fla. Const. We adopt the proposed rules with only minor stylistic changes.
BACKGROUND
The Bar undertook its study of the issue of paralegal certification or registration in 2005 when legislation to institute a regulatory scheme for paralegals was introduced before the Florida Legislature. The Bar opposed the proposed legislation, in part because it believed that any regulation of paralegals should be in the judicial, rather than the legislative, branch. The President of The Florida Bar at the time, Alan *362 Bookman, appointed the Special Committee to Study Paralegal Regulation (Committee), to study the status of paralegals in Florida. The Committee had twenty-four members, including four paralegals, three paralegal educators, Representative Juan Zapata (the proponent of one of the bills), and attorneys from various geographic areas and areas of practice in Florida.
After much study and debate and a complete public airing of the issue, including a public hearing in October 2005, The Florida Bar, on August 15, 2006, filed its “Petition to Amend the Rules Regulating the Florida Bar to Add Chapter 20 — Florida Registered Paralegal Program” (hereinafter “petition”). The Board of Governors approved the filing of the petition and unanimously approved the petition’s proposed amendments and actions. The Bar published the instant proposals in The Florida Bar News and posted the proposals on its website. The notice directed readers who wished to comment on the proposals to file their comments directly with the Court after the Bar filed its report.
After the Bar filed its petition, the Court received 103 comments. A large majority of the comments, including two received from paralegal organizations, supported adoption of the proposed rules.[1] The paralegal associations that filed comments in support were the Paralegal Association of Florida and the American Alliance of Paralegals, Inc. Most of the positive comments expressed general approval of the proposals, many commenters stating that they believed the proposed rules would help the paralegal profession, would help attorneys, would help the public, or some combination thereof.
Two paralegal organizations were among the fourteen commenters opposing the adoption of the proposed rules. These were the American Institute for Paralegal Studies, Inc. and the South Florida Paralegal Association (SFPA). For the most part, the commenters who opposed the proposed rules did so because they believed that autonomous governance overseen by the Court (rather than The Florida Bar) was the appropriate route to take, the proposed rules presented a conflict of interest, or both.
The Court commends the many members of the paralegal profession and the paralegal organizations who filed comments on both sides of this issue. It is clear from the well-reasoned arguments received that all of the commenters are desirous of establishing high professional standards for the paralegal profession. While we are cognizant that the adoption of chapter 20 does not go as far as some would like, we nevertheless believe this is a first, prudent step toward the desired end. It behooves us to tread with caution in implementing a registration program for professionals who have hitherto been largely self-regulated, so that the efficacy of the program being adopted and its impact on both the legal and paralegal professions can be assessed before any mandatory plan is instituted.
The Court scheduled oral argument and directed the Bar and “any party who filed a timely comment” to submit briefs addressing the issue of whether The Florida Bar and this Court may properly exercise jurisdiction over and regulate nonlawyers who are not engaging in the unlicensed practice of law. The Bar and the SFPA filed jurisdictional briefs. Two individual commenters filed “briefs” adopting the arguments of SFPA.
The Court need not address whether it has jurisdiction to “regulate” the paralegal *363 profession because the rules proposed by the Bar that the Court adopts in this opinion do not establish “regulation” of the paralegal profession. Rather, they create a registration program, participation in which is purely voluntary. The Bar urges the Court to approve this voluntary registration plan for members of a profession who perform work that is clearly related to the practice of law. We do so because we believe the program will inure to the benefit of the public in the same way the Florida Rules for Certified and Court-Appointed Mediators inured to the public’s benefit and we are, therefore, comfortable with approving this program. See Fla. R. Med.; Proposed Stds. of Prof'l Conduct for Cert. & Court Appointed Mediators, 604 So.2d 764 (Fla.1992) (adopting mediator certification rules, mediator standards of professional conduct, and disciplinary rules).
DISCUSSION
The new chapter 20 creates the Florida Registered Paralegal Program. It provides for voluntary registration of paralegals who meet certain minimum educational, certification, or work experience criteria and who agree to abide by an established code of ethics in exchange for the ability to refer to themselves as Florida Registered Paralegals.
SUBCHAPTER 20-1 PREAMBLE. Subchapter 20-1 has one rule. Rule 20-1.1, titled “Purpose,” states the purpose of the chapter. It also makes it clear that the chapter is not intended to set forth the duties a paralegal may perform or be deemed relevant in charging or awarding fees for the services rendered by nonlaw-yer employees.
SUBCHAPTER 20-2 DEFINITIONS. Rule 20-2.1, the only rule under subchap-ter 20-2, is the definition section. It defines a “paralegal” to be someone with education, training, or work experience who works under the direction and supervision of a member of the Bar and who performs specifically delegated substantive legal work for which the Bar member is responsible. A “Florida Registered Paralegal” is someone who meets the definition of a paralegal who also meets the requirements for registration set forth in rules 20-3.1 and 20-4.1. The rule also defines “paralegal work experience” and approved paralegal programs.
SUBCHAPTER 20-8 ELIGIBILITY REQUIREMENTS. Rule 20-3.1, the only rule under subchapter 20-3, establishes three alternative ways to qualify as a Florida Registered Paralegal (FRP): (1) by having the prescribed education and experience; (2) by having the prescribed certifications; or (3) by being grandfathered in. The rule also establishes what each of these routes to registration requires of the applicant.
SUBCHAPTER 20-4 REGISTRATION. Rule 20-4.1, the only rule in the subchapter, provides that the Bar will handle registration of FRPs without Court involvement, will promulgate an application form and make it available on its website, and will issue a certificate of registration to paralegals who meet the requirements and properly apply. It also establishes the renewal process and fees.
SUBCHAPTER 20-5 INELIGIBILITY FOR REGISTRATION OR RENEWAL. This subchapter has two rules — rules 20-5.1 and 20-5.2. Rule 20-5.1 provides that some individuals will be ineligible either to register as an FRP or to renew an already-existing registration. One such category is anyone who is currently suspended or disbarred or who resigned in lieu of discipline from the practice of law in any state or jurisdiction. Persons in the identified categories will still be able to work *364 as unregistered paralegals in the employ of an attorney.
Rule 20-5.2 requires an individual who is applying for registration or already registered to inform the Bar promptly of any fact or circumstance that would render the individual ineligible for registration or renewal.
SUBCHAPTER 20-6 CONTINUING EDUCATION. Subchapter 20-6 has only one rule, rule 20-6.1. The rule establishes the continuing education requirements for FRPs and specifies which courses or seminars will satisfy this requirement.
SUBCHAPTER 20-7 CODE OF ETHICS AND RESPONSIBILITY. Rule 20-7.1, the only rule in the subchapter, establishes the Code of Ethics and Responsibility governing FRPs. The code does not alter an attorney’s obligation to supervise nonlawyer employees or to follow Florida’s Code of Professional Responsibility.
We strongly emphasize, for the benefit of members of The Florida Bar, that the primary responsibility of monitoring the conduct and activities of all paralegals, whether they are FRPs or not, still rests with the lawyer by whom the individual paralegal is employed and under whose direction the paralegal performs substantive legal work. This responsibility cannot be delegated, and this voluntary registration program does not relieve the lawyer of that critical responsibility. See also R. Regulating Fla. Bar 4-5.3,10 — 2.1(b).
SUBCHAPTER 20-8 REVOCATION OF REGISTRATION. Subchapter 20-8 is comprised of eight rules that establish the complaint and disciplinary process for violations of the Code of Ethics and Responsibility for FRPs established by sub-chapter 20-7.
RULE 20-8.1. Rule 20-8.1 provides for district paralegal committees, at least one committee for each appellate district. Each committee will have at least three members, including at least one FRP and one Bar member. The rule provides for the appointment, terms of office, and disqualification of committee members, a chair, vice-chair, and secretary.
RULE 20-8.2. Rule 20-8.2 sets out the duties and authority of the district paralegal committees. The committees receive and evaluate complaints against FRPs and have the authority to remove or revoke a FRP’s registration. The registration of a FRP may be suspended or revoked for any of an enumerated list of occurrences.
RULE 20-8.8. Rule 20-8.3 establishes the requisites for complaints against FRPs and the procedures for processing them.
RULE 20-8.L This rule establishes the investigatory powers of the committees. The respondent, who is entitled to be accompanied by counsel, may be required to appear and to produce evidence during the investigation unless the respondent claims a privilege or right properly available under applicable federal or state law.
RULE 20-8.5. Rule 20-8.5 provides that the chair or vice-chair of the committee will have authority to issue subpoenas for preliminary investigations or investigations authorized by the committee.
RULE 20-8.6. Rule 20-8.6 provides the possible outcomes of an investigation into an FRP’s conduct. These range from a finding of no misconduct to revocation of the FRP’s registration.
RULE 20-8.7. Review of the district committee’s actions is limited and does not involve the Court. A revocation or nonre-newal decision goes to the designated reviewer for the committee, who may affirm the decision, ask the committee to reconsider its decision, or refer the matter to the Disciplinary Review Committee (DRC) of The Florida Bar. The DRC may confirm, reject, or amend the designated re *365 viewer’s recommendation, in whole or in part. The DRC reports its findings to the Board of Governors of The Florida Bar, which may confirm, reject, or amend the DRC’s recommendation, in whole or in part. The board is the last level of review.
RULE 20-8.8. This rule addresses custody and disposition of the complaint files, as well as handling of inquiries concerning such files.
SUBCHAPTER 20-9 IMMUNITY. There is only one rule in this subchapter. Rule 20-9.1 provides immunity from suit for actions taken in the course of their official duties to district committee members, the Board, and Bar staff and counsel assisting a committee.
SUBCHAPTER 20-10 AMENDMENTS. The sole rule in this subchapter provides that the chapter 20 rules are amendable in accordance with the Rules Regulating the Florida Bar.
Having considered the petition, the comments filed, and the arguments of the parties at oral argument, we adopt chapter 20 as proposed by the Bar with only minor stylistic changes as indicated in the appendix to this opinion.
CONCLUSION
Accordingly, we amend the Rules Regulating the Florida Bar by adoption of chapter 20 establishing the Florida Registered Paralegal Program as reflected in the appendix to this opinion. These new rules shall become effective on March 1, 2008, at 12:01 a.m.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
APPENDIX
CHAPTER 20 FLORIDA REGISTERED PARALEGAL PROGRAM
SUBCHAPTER 20-1 PREAMBLE
RULE 20-1.1 PURPOSE
The purpose of this chapter is to set forth a definition that must be met in order to use the title paralegal, to establish the requirements to become a Florida Registered Paralegal, and to establish the requirements to maintain Florida Registered Paralegal status. This chapter is not intended to set forth the duties that a paralegal may perform because those restrictions are set forth in the Rules of Professional Conduct and various opinions of the Professional Ethics Committee. Nothing contained herein shall be deemed relevant in charging or awarding fees for legal services rendered by nonlawyers under the supervision of a member of The Florida Bar, such fees being based on the nature of the services rendered and not the title of the person rendering the services.
SUBCHAPTER 20-2 DEFINITIONS
RULE 20-2.1 GENERALLY
For purposes of this chapter, the following terms shall have the following meaning:
(a) Paralegal. A paralegal is a person with education, training, or work experience, who works under the direction and supervision of a member of The Florida Bar and who performs specifically delegated substantive legal work for which a member of The Florida Bar is responsible.
(b) Florida Registered Paralegal. A Florida Registered Paralegal is someone who meets the definition of paralegal and the requirements for registration as set forth elsewhere in these rules.
*366 (c) Paralegal Work and Paralegal Work Experience. Paralegal work and paralegal work experience are specifically delegated substantive legal work performed by a person with education, training, or work experience under the direction and supervision of a member of The Florida Bar for which a member of The Florida Bar is responsible. In order to qualify as paralegal work or paralegal work experience for purposes of meeting the eligibility and renewal requirements set forth herein, the paralegal must primarily perform paralegal work and the work must be continuous and recent. Recent paralegal work for the purposes of meeting the eligibility and renewal requirements set forth herein means work performed during 3 of the previous 5 years in connection with an initial registration, and during the preceding year in the case of a registration renewal. Time spent performing clerical work is specifically excluded.
(d) Approved Paralegal Program. An approved paralegal program is a program approved by the American Bar Association (“ABA”) or a program that is in substantial compliance with the ABA guidelines and accredited by a nationally recognized accrediting agency approved by the United States Department of Education.
(e) Employing or Supervising Attorney. An employing or supervising attorney is the attorney having direct supervision over the work product of the paralegal or Florida Registered Paralegal.
(f) Board. The board is the Board of Governors of The Florida Bar.
(g) Respondent. A respondent is the individual whose conduct is under investigation.
(h) Designated Reviewer. The designated reviewer is a member of the board of governors appointed by the president of The Florida Bar from the district of the district paralegal committee and is responsible for review and other specific duties as assigned by the board of governors with respect to a particular district paralegal committee or matter. If a designated reviewer recuses or is unavailable, another board member from the district may be appointed by the president of The Florida Bar to serve as designated reviewer in that matter.
(i) Probable Cause. A finding of probable cause is a finding that there is cause to believe that a Florida Registered Paralegal is guilty of misconduct justifying disciplinary action.
(j) Bar Counsel. Bar counsel is a member of The Florida Bar representing The Florida Bar in any proceeding under these rules.
SUBCHAPTER 20-3 ELIGIBILITY REQUIREMENTS
RULE 20-3.1 REQUIREMENTS FOR REGISTRATION
In order to be a Florida Registered Paralegal under this chapter, an individual must meet 1 of the following requirements.
(a) Educational and Work Experience Requirements. A person may become a Florida Registered Paralegal by meeting 1 of the following education and paralegal work experience requirements:
(1) a bachelor’s degree in paralegal studies from an approved paralegal program, plus a minimum of 1 year of paralegal work experience;
(2) a bachelor’s degree from an institution accredited by a nationally recognized accrediting agency approved by the United States Department of Education or the Florida Department of Ed *367 ucation, plus a minimum of 3 years of paralegal work experience;
(3) an associate’s degree in paralegal studies from an approved paralegal program, plus a minimum of 2 years of paralegal work experience;
(4) an associate’s degree from an institution accredited by a nationally recognized accrediting agency approved by the United States Department of Education or the Florida Department of Education, plus a minimum of 4 years of paralegal work experience; or
(5) a juris doctorate degree from an American Bar Association accredited institution, plus a minimum of 1 year of paralegal work experience.
(b) Certification. A person may become a Florida Registered Paralegal by obtaining 1 of the following certifications:
(1) successful completion of the Paralegal Advanced Competency Exam (PACE certification as offered by the National Federation of Paralegal Associations “NFPA”) and good standing with NFPA; or
(2) successful completion of the Certified Legal Assistant/Certified Paralegal examination (CLA/CP certification as offered by the National Association of Legal Assistants “NALA”) and good standing with NALA.
(c) Grandfathering. A person who does not meet the requirements of (a) or (b) may become a Florida Registered Paralegal by providing attestation from an employing or supervising attorney(s) that the person has paralegal work experience as defined elsewhere in these rules for 5 of the 8 years immediately preceding the date of such attestation. Any such attestation must be received by The Florida Bar not later than 3 years after the effective date of this chapter.
SUBCHAPTER 20-4 REGISTRATION
RULE 20-4.1 GENERALLY
The following shall be filed with The Florida Bar by an individual seeking to be registered as a Florida Registered Paralegal:
(a) Educational, Certification, or Experience Requirement.
(1) evidence that the individual has satisfied the requirements of rule 20-3.1(a) by supplying evidence of the degree and attestation from the employing or supervising attorney(s) showing that the individual has the appropriate paralegal work experience; or
(2) a certificate showing that the individual has obtained 1 of the certifications set forth in rule 20~3.1(b); or
(3) attestation from the employing or supervising attorney(s) that the individual has met the requirements of rule 20-3.1(c).
(b) Statement of Compliance. A sworn statement by the individual that the individual has read and will abide by the Code of Ethics and Responsibility set forth elsewhere in this chapter.
(c) Registration Fee. An appropriate registration fee set by the board.
(d) Review by The Florida Bar. Upon receipt of the items set forth in subdivision 20-4.1(a)-(c), The Florida Bar shall review the items for compliance with this chapter. Any incomplete submissions will be returned. If the individual meets all of the requirements of this chapter, the individual shall be added to the roll of Florida Registered Paralegals and a certificate evidencing such registration shall be issued.
(e) Annual Renewal; Content and Registration Fee. The registration pursuant to this subdivision shall be annual and consistent with that applicable to an attorney licensed to practice in the state of *368 Florida. An annual registration fee shall be set by the board in an amount not more than the annual fees paid by inactive members of The Florida Bar. The renewal shall contain a statement that the individual is primarily performing paralegal work as defined elsewhere in this chapter and a statement that the individual is not ineligible for registration set forth elsewhere in this chapter. A Florida Registered Paralegal who is not primarily performing paralegal work shall not be eligible for renewal of the registration but may reapply for registration.
SUBCHAPTER 20-5 INELIGIBILITY FOR REGISTRATION OR RENEWAL
RULE 20-5.1 GENERALLY
The following individuals are ineligible for registration as a Florida Registered Paralegal or for renewal of a registration that was previously granted:
(a) a person who is currently suspended or disbarred or who has resigned in lieu of discipline from the practice of law in any state or jurisdiction;
(b) a person who has been convicted of a felony in any state or jurisdiction and whose civil rights have not been restored;
(c) a person who has been found to have engaged in the unlicensed (unauthorized) practice of law in any state or jurisdiction;
(d) a person whose registration or license to practice has been terminated or revoked for disciplinary reasons by a professional organization, court, disciplinary board, or agency in any jurisdiction;
(e) a person who is no longer primarily performing paralegal work as defined elsewhere in these rules; or
(f)a person who fails to comply with prescribed continuing education requirements as set forth elsewhere in this chapter.
RULE 20-5.2 DUTY TO UPDATE
An individual applying for registration as a Florida Registered Paralegal or who is registered as a Florida Registered Paralegal has a duty to inform The Florida Bar promptly of any fact or circumstance that would render the individual ineligible for registration or renewal.
SUBCHAPTER 20-6 CONTINUING EDUCATION
RULE 20-6.1 GENERALLY
In order to maintain the status of Florida Registered Paralegal, a Florida Registered Paralegal must complete a minimum of 30 hours of continuing education every 3 years, 5 hours of which shall be in legal ethics or professionalism. Courses approved for credit by The Florida Bar, the National Association of Legal Assistants (NALA), or the National Federation of Paralegal Associations (NFPA) will be deemed acceptable for purposes of this rule.
SUBCHAPTER 20-7 CODE OF ETHICS AND RESPONSIBILITY
RULE 20-7.1 GENERALLY
A Florida Registered Paralegal shall adhere to the following Code of Ethics and Responsibility:
(a) Disclosure. A Florida Registered Paralegal shall disclose his or her status as a Florida Registered Paralegal at the outset of any professional relationship with a client, attorneys, a court or administrative agency or personnel thereof, and members of the general public.
(b) Confidentiality and Privilege. A Florida Registered Paralegal shall preserve the confidences and secrets of all *369 clients. A Florida Registered Paralegal must protect the confidences of a client, and it shall be unethical for a Florida Registered Paralegal to violate any statute or rule now in effect or hereafter to be enacted controlling privileged communications.
(c) Appearance of Impropriety or Unethical Conduct. A Florida Registered Paralegal should understand the attorney’s Rules of Professional Conduct and this code in order to avoid any action that would involve the attorney in a violation of the rules or give the appearance of professional impropriety. It is the obligation of the Florida Registered Paralegal to avoid conduct that would cause the lawyer to be unethical or even appear to be unethical, and loyalty to the lawyer is incumbent upon the Florida Registered Paralegal.
(d) Prohibited Conduct. A Florida Registered Paralegal should not:
(1) establish attorney-client relationships, accept cases, set legal fees, give legal opinions or advice, or represent a client before a court or other tribunal, unless authorized to do so by the court or tribunal;
(2) engage in, encourage, or contribute to any act that could constitute the unlicensed practice of law;
(3) engage in the practice of law;
(4) perform any of the duties that attorneys only may perform nor do things that attorneys themselves may not do; or
(5) act in matters involving professional legal judgment since the services of an attorney are essential in the public interest whenever the exercise of such judgment is required.
(e) Performance of Services. A Florida Registered Paralegal must act prudently in determining the extent to which a client may be assisted without the presence of an attorney. A Florida Registered Paralegal may perform services for an attorney in the representation of a client, provided:
(1) the services performed by the paralegal do not require the exercise of independent professional legal judgment;
(2) the attorney is responsible for the client, maintains a direct relationship with the client, and maintains control of all client matters;
(3) the attorney supervises the paralegal;
(4) the attorney remains professionally responsible for all work on behalf of the client and assumes full professional responsibility for the work product, including any actions taken or not taken by the paralegal in connection therewith; and
(5) the services performed supplement, merge with, and become the attorney’s work product.
(f) Competence. A Florida Registered Paralegal shall work continually to maintain integrity and a high degree of competency throughout the legal profession.
(g) Conflict of Interest. A Florida Registered Paralegal who was employed by an opposing law firm has a duty not to disclose any information relating to the representation of the former firm’s clients and must disclose the fact of the prior employment to the employing attorney.
(h) Reporting Known Misconduct. A Florida Registered Paralegal having knowledge that another Florida Registered Paralegal has committed a violation of this chapter or code shall inform The Florida Bar of the violation.
*370 SUBCHAPTER 20-8 REVOCATION OF REGISTRATION
The following rules and procedures shall apply to complaints against Florida Registered Paralegals:
RULE 20-8.1 PARALEGAL COMMITTEES
There shall be paralegal committees as are herein provided, each of which shall have the authority and jurisdiction required to perform the functions hereinafter assigned to the paralegal committee and which shall be constituted and appointed as follows:
(a) District Paralegal Committees. There shall be at least 1 paralegal committee for each appellate district of this state and as many more as shall be found desirable by the board. Such committees shall be continuing bodies notwithstanding changes in membership, and they shall have jurisdiction and the power to proceed in all matters properly before them.
(b) Membership, Appointment, and Eligibility. Each district paralegal committee shall consist of not fewer than 3 members, at least 1 of whom is a Florida Registered Paralegal and at least 1 of whom is a member of The Florida Bar. Members of district paralegal committees shall be nominated by the member of the board designated to review the actions of the committee and appointed by the board. All appointees shall be of legal age and shall be residents of the district or have their principal office in the district. For each district paralegal committee there shall be a chair designated by the designated reviewer of that committee. A vice-chair and secretary may be designated by the chair of each district committee.
(c) Terms. The terms of the members shall be for 3 years from the date of administration of the oath of service on the district paralegal committee or until such time as their successors are appointed and qualified. Continuous service of a member shall not exceed 6 years. A member shall not be reappointed for a period of 3 years after the end of the member’s second term provided, however, the expiration of the term of any member shall not disqualify such member from concluding any investigation or participating in the disposition of eases that were pending before the committee when the member’s term expired.
(d) Disqualification. No member of a district paralegal committee shall perform any district paralegal committee function when that member:
(1) is related by blood or marriage to the complainant or respondent;
(2) has a financial, business, property, or personal interest in the matter under consideration or with the complainant or respondent;
(3) has a personal interest that could be affected by the outcome of the proceedings or that could affect the outcome; or
(4) is prejudiced or biased toward either the complainant or the respondent.
Upon notice of the above prohibitions, the affected members should recuse themselves from further proceedings. The district paralegal committee chair shall have the power to disqualify any member from any proceeding in which any of the above prohibitions exists and is stated of record or in writing in the file by the chair.
(e) Removal. Any member may be removed from service by the designated reviewer of that committee or by the board.
(f) District Paralegal Committee Meetings. District paralegal committees should meet at regularly scheduled times, not less frequently than quarterly each year, and either the chair or vice-chair may call special meetings.
*371 RULE 20-8.2 DUTIES AND AUTHORITY
It is the duty of the district paralegal committees to receive and evaluate complaints against Florida Registered Paralegals. The district paralegal committees shall have the authority to remove or revoke an individual’s registration as a Florida Registered Paralegal in accordance with the procedures set forth elsewhere in this chapter. A registration certificate issued pursuant to these rules may be suspended or revoked for any of the following reasons:
(a) conviction of a felony or of a misdemeanor involving moral turpitude, dishonesty, or false statement;
(b) fraud, dishonesty, or corruption that is related to the functions and duties of a Florida Registered Paralegal;
(c) gross incompetence or unprofessional or unethical conduct;
(d) willful, substantial, or repeated violation of any duty imposed by statute, rule, or order of court;
(e) fraud or misrepresentation in obtaining or renewing registration status;
(f) noncompliance with continuing education requirements;
(g) nonpayment of renewal fees; or
(h) violation of the Code of Ethics and Responsibility set forth elsewhere in these rules.
RULE 20-8.3 COMPLAINT PROCESSING
(a) Complaints. All complaints against a Florida Registered Paralegal may be initiated either by a sworn complaint asserting a violation of these rules or by The Florida Bar on its own motion.
(b) Review by Bar Counsel. Bar counsel shall review the complaint and determine whether the alleged conduct, if proven, would constitute a violation of these rules. Bar counsel may conduct a preliminary, informal investigation to aid in this determination and, if necessary, may employ a Florida Bar staff investigator to aid in the preliminary investigation. If bar counsel determines that the facts, if proven, would not constitute a violation, bar counsel may decline to pursue the complaint. The complainant shall be notified of a decision not to pursue a complaint and shall be given the reasons therefor.
(c) Closing by Bar Counsel and Committee Chair. Bar counsel may consult with the appropriate district paralegal committee chair to determine whether the alleged conduct of a complaint, if proven, would constitute a violation of these rules. If bar counsel and the district committee chair concur in a finding that the case should be closed, the complaint may be closed on such finding without referral to the district paralegal committee.
(d) Referral to District Paralegal Committee. Bar counsel may refer a file to the appropriate district paralegal committee for further investigation or action as authorized elsewhere in these rules.
(e) Notification of Violation. If a majority of the district paralegal committee finds probable cause to believe that a violation of these rules has occurred, bar counsel or the chair of the district paralegal committee will send written notice thereof to the Florida Registered Paralegal identifying the alleged violation. The notice shall be sent by certified U.S. mail directed to the last mailing address on file.
(f) Response to Notice of Violation. Within 30 days from the receipt of the notification, the Florida Registered Paralegal shall file a written response. If the Florida Registered Paralegal does not respond, the violations identified in the find *372 ing of probable cause shall be deemed admitted.
(g) Committee Review. After the filing of the written response to the finding of probable cause or following the expiration of the time within which to file a response if none is filed, the district paralegal committee shall review the complaint, the finding of probable cause, the response (if any), and any other pertinent materials, and decide whether to dismiss the proceeding or issue a proposed disposition. The committee shall promptly send written notice of its decision to the Florida Registered Paralegal by certified U.S. mail directed to the last mailing address on file.
RULE 20-8.4 INVESTIGATION
(a) Conduct of Proceedings. The proceedings of district paralegal committees when testimony is taken may be informal in nature and the committees shall not be bound by the rules of evidence.
(b) Taking Testimony. Bar counsel, each district paralegal committee, and members thereof conducting investigations are empowered to take and have transcribed the testimony and evidence of witnesses. If the testimony is recorded stenographically or otherwise, the witness shall be sworn by any person authorized by law to administer oaths.
(c) Rights and Responsibilities of Respondent. The respondent may be required to appear and to produce evidence as any other witness unless the respondent claims a privilege or right properly available to the respondent under applicable federal or state law. The respondent may be accompanied by counsel.
(d) Rights of Complaining Witness. The complaining witness is not a party to the investigation. The complainant may be granted the right to be present at any district paralegal committee proceeding when the respondent is present before the committee to give testimony. The complaining witness shall have no right to appeal the finding of the district paralegal committee.
RULE 20-8.5 SUBPOENAS
Subpoenas for the attendance of witnesses and the production of documentary evidence before a district paralegal committee shall be issued as follows:
(a) District Paralegal Committees. Subpoenas for the attendance of witnesses and the production of documentary evidence shall be issued by the chair or vice-chair of a district paralegal committee in pursuance of an investigation authorized by the committee.
(b) Bar Counsel Investigations. Subpoenas for the attendance of witnesses and the production of documentary evidence before bar counsel when bar counsel is conducting an initial investigation shall be issued by the chair or vice-chair of a district paralegal committee to which the matter will be assigned.
(c) Service. Subpoenas may be served by an investigator employed by The Florida Bar or in the manner provided by law for the service of process.
RULE 20-8.6 DISPOSITION OF COMPLAINTS
Upon concluding its investigation, the district paralegal committee shall determine which of the following action(s) should be taken:
(a) close the matter on a finding of no violation;
(b) require that a specified continuing education course be taken;
(c) accept an affidavit from the Florida Registered Paralegal acknowledging that the conduct surrounding the complaint was a violation of these rules and that the Florida Registered Paralegal will refrain *373 from conduct that would create a violation of these rules;
(d) suspension of the Florida Registered Paralegal’s registration certificate for a period not to exceed 1 year;
(e) revocation of registration certificate; or
(f) denial of request for renewal.
RULE 20-8.7 REVIEW OF DISTRICT PARALEGAL COMMITTEE ACTION
(a) Review by the Designated Reviewer. Notice of district paralegal committee action recommending either revocation or denial of renewal shall be given to the designated reviewer for review. Upon review of the district paralegal committee action, the designated reviewer may affirm the action of the district paralegal committee, request the district paralegal committee to reconsider its action, or refer the district paralegal committee action to the disciplinary review committee of the board of governors for its review. The request for a district paralegal committee reconsideration or referral to the disciplinary review committee shall be in writing and must be made within 30 days of notice of the district paralegal committee action. If the designated reviewer fails to make the request for reconsideration or referral within the time prescribed, the district paralegal committee action shall become final.
(b) Review by Disciplinary Review Committee. The disciplinary review committee shall review those district paralegal committee matters referred to it by a designated reviewer or the district paralegal committee and shall make a report to the board. The disciplinary review committee may confirm, reject, or amend the recommendation of the designated reviewer in whole or in part. The report of the disciplinary review committee shall be final unless overruled by the board.
(c) Board Action on Recommendations of the Disciplinary Review Committee. On review of a report and recommendation of the disciplinary review committee, the board of governors may confirm, reject, or amend the recommendation in whole or in part.
(d) Notice of Board Action. Bar counsel shall give notice of board action to the respondent, complainant, and district paralegal committee.
(e) Filing Service on Board of Governors. All matters to be filed with or served upon the board shall be addressed to the board of governors and filed with the executive director. The executive director shall be the custodian of the official records of the Florida Registered Paralegal Program.
RULE 20-8.8 FILES
(a) Files Are Property of Bar. All matters, including files, preliminary investigation reports, interoffice memoranda, records of investigations, and the records of other proceedings under these rules are property of The Florida Bar.
(b) Investigatory Record. The investigatory record shall consist of the record before a district paralegal committee and any reports, correspondence, papers, and recordings and transcripts of hearings and transcribed testimony furnished to, served on, or received from the respondent or the complainant or a witness before the district paralegal committee. The record before the district paralegal committee shall consist of all reports, correspondence, papers, and recordings furnished to or received from the respondent and the transcript of district paralegal committee meetings or transcribed testimony, if the proceedings were attended by a court re *374 porter; provided, however, that the committee may retire into private session to debate the issues involved and to reach a decision as to the action to be taken.
(c) Limitations on Disclosure. Any material provided to or promulgated by The Florida Bar that is confidential under applicable law shall remain confidential and shall not be disclosed except as authorized by the applicable law. If this type of material is made a part of the investigatory record, that portion of the investigatory record may be sealed by the district paralegal committee chair.
(d) Disclosure of Information. Unless otherwise ordered by a court, nothing in these rules shall prohibit the complainant, respondent, or any witness from disclosing the existence of proceedings under these rules or from disclosing any documents or correspondence served on or provided to those persons.
(e) Response to Inquiry. Representatives of The Florida Bar, authorized by the board, shall reply to inquiries regarding a pending or closed investigation. The Florida Bar may charge a reasonable fee for copying documents consistent with applicable law.
(f) Production of Investigatory Records Pursuant to Subpoena. The Florida Bar, pursuant to a valid subpoena issued by a regulatory agency, may provide any documents that are a portion of the investigatory record even if otherwise deemed confidential under these rules. The Florida Bar may charge a reasonable fee for copying the documents consistent with applicable law.
(g) Response to False or Misleading Statements. If public statements that are false and misleading are made about any investigation brought pursuant to this chapter, The Florida Bar may make any disclosure consistent with applicable law necessary to correct such false or misleading statements.
(h)Providing Material to Other Agencies. Nothing contained herein shall prohibit The Florida Bar from providing material to any state or federal law enforcement or regulatory agency, United States Attorney, state attorney, the National Association of Legal Assistants or the National Federation of Paralegal Associations and equivalent organizations, the Florida Board of Bar Examiners and equivalent entities in other jurisdictions, paralegal grievance committees and equivalent entities in other jurisdictions, and unlicensed practice of law committees and equivalent entities in other jurisdictions.
SUBCHAPTER 20-9 IMMUNITY
RULE 20-9.1 GENERALLY
The members of the district paralegal committees, the board, bar staff and counsel assisting the committees, shall have absolute immunity from civil liability for all acts in the course of their official duties.
SUBCHAPTER 20.10 AMENDMENTS
RULE 20-10.1 GENERALLY
Rules governing the Florida Registered Paralegal Program may be amended in accordance with the procedures set forth elsewhere in these rules.

. One individual later withdrew her comment in support of the proposed rules.