PER CURIAM.
In response to the Court’s request, the Supreme Court Committee on Alternative Dispute Resolution Rules and Policy (Committee) has submitted amendments to the Florida Rules for Certified and Court-Appointed Mediators (Mediator Rules) that incorporate the point-based system for mediator certification approved on an interim basis in the Court’s prior opinion in this case. We adopt the rule amendments as proposed by the Committee, specially removing the requirement of Florida Bar membership for certified circuit court mediators.[1]
BACKGROUND
Previously in this case, we adopted, with minor modifications, proposed amendments to the Mediator Rules, and approved new point-based mediator certification requirements, as modified for circuit court mediators, outlined in an administrative order. In re Petition of the Alternative Dispute Resolution Rules and Policy Comm, on Amendments to Fla. Rules for Certified and Court-Appointed Mediators, 931 So.2d 877 (Fla.2006) [hereinafter Amendments ]; In re Rules Governing Certification of Mediators, Fla. Admin. Order No. AOSC06-9 (May 11, 2006) [hereinafter Administrative Order No.
*1004 AOSC06-9]. We explained in our prior opinion:
[T]he practical effect of this new point system is to remove the more formal mandatory education and profession-based requirements ... and to allow applicants to obtain certification in a variety of different ways more directly related to the actual skills and experience the Committee has determined to be necessary for service as an effective mediator.
Amendments, 931 So.2d at 880.
The action we took in our first opinion varied from the Committee’s original proposals as follows. First, although, as part of new point system, the Committee proposed the removal of the Florida Bar membership requirement for certified circuit court mediators, we retained that requirement until we could more fully consider the issue. We were hesitant to remove the Bar membership requirement without input from The Florida Bar, which had not filed a comment. Therefore, we directed the Bar to file a comment addressing the issue. Id. at 880-81. Second, although the Committee proposed that the new point system be outlined in an administrative order, we determined that the point system should be incorporated into the rules instead and directed the Committee to propose such rule amendments. Id. at 882. However, we approved the point system in concept and approved, on an interim basis, its inclusion in the new administrative order governing certification of mediators. Finally, we did not adopt proposed procedures for review by the Chief Justice of disciplinary action against mediators, and instead modified the rule to provide that review by the Chief Justice will be in accordance with procedures adopted pursuant to administrative order. Id. at 884.[2]
As requested by the Court, the Committee submitted amendments that incorporate into the rules the new mediator certification point-based requirements, including the retained Bar membership requirement for certified circuit court mediators. However, the Committee continues to strongly urge the Court to remove the Bar membership requirement. As requested by the Court, the Bar also filed its comment addressing the Bar membership requirement. The Bar takes the position that the requirement should be retained for circuit court mediators, but that the applicant also should be required to have been a member in good standing of The Florida Bar or the bar of another jurisdiction for the five years immediately preceding an application.
The rule amendments, along with an explanation of the Committees and the Bars positions on the Bar membership requirement, were published for comment in The Florida Bar News. Several comments were received by the Court. The Court held oral argument on May 7, 2007.
After considering the Committee’s proposals and the comments filed, and hearing oral argument, we amend the Mediator Rules as proposed by the Committee. Ad *1005 ditionally, we amend, on our own motion, Florida Rule of Civil Procedure 1.720.
DISCUSSION
As noted above, in our prior opinion, we resolved to reevaluate the Bar membership requirement for certified circuit court mediators after The Florida Bar had an opportunity to respond to the Committee’s recommendation that the requirement be removed. Additionally, we determined that the new mediator point system previously adopted by administrative order should be incorporated into the Mediator Rules. Each matter is discussed in turn below.
Bar Membership Requirement for Certified Circuit Court Mediators
The Florida Bar membership requirement for certified circuit court mediators is currently found in Administrative Order No. SC06-9:
An applicant must be a member in good standing of The Florida Bar with at least five years of Florida practice and be an active member of The Florida Bar within one year of application for certification; or be a retired trial judge from any United States jurisdiction who was a member in good standing of the bar in the state in which the judge presided for at least five years immediately preceding the year certification is sought.
Administrative Order No. SC06-9 at 4. Prior to its inclusion in the administrative order, the Bar membership requirement was found in former rule 10.100(c), which provided the certification requirements for circuit court mediators.
The Florida Bar did not file a comment in response to the Committee’s original proposal to remove the Bar membership requirement; and, of all the comments received by the Court only the comment filed by the Bar at the direction of the Court and two other comments by members of The Florida Bar urge retaining this requirement. In moving to a true point-based certification system for all categories of mediators except circuit court mediators, we recognized that “the general consensus in the alternative dispute resolution field is that possession of academic degrees, including law degrees, does not necessarily predict an individuals ability to be a good mediator.” Amendments, 931 So.2d at 881. According to the Committee, Florida is currently in a minority of states that require legal training as a prerequisite to being certified as a circuit court mediator. We understand that by continuing to urge the Court to remove this requirement, the Committee seeks to ensure that Florida maintains its place of preeminence in the alternative dispute resolution field in the United States. After considering the Bars comment and the Committees well-reasoned response, as well as the numerous comments in this case in support of the Committees position, we now remove the Bar membership requirement for certified circuit court mediators and amend the rules to provide a true point-based mediator certification system for our state.
However, in eliminating the Bar membership requirement for certified circuit court mediators, we also recognize that there may be situations in which a party to a circuit court mediation may object to the appointment of a mediator who lacks legal training. In such situations, we believe that the circuit court must necessarily appoint a mediator who is a member of The Florida Bar. Accordingly, on our own motion, we also amend Florida Rule of Civil Procedure 1.720(f)(2) to require courts to appoint a certified circuit court mediator who is a member of The Florida Bar upon the request of either party.
*1006 Rule Amendments
Rule 10.100, Certification Requirements
Subdivision (a), General, is amended to explain that for certification as a mediator, a mediator must have the required number of points for the type of certification sought as specifically required in rule 10.105, Point System Categories. Subdivisions (b), County Court Mediators, (c), Family Mediators, (d), Circuit Court Mediators, and (e), Dependency Mediators, are amended to delineate the point requirements for mediator certification. The certification requirements track those previously contained in the administrative order, -with the exception of the removal of the Bar membership requirement for circuit court mediators.
Rule 10.105, Point System Categories
New rule 10.105 explains how many points will be awarded for different levels of education, mediation experience, and mentorship. Further, the new rule explains how many points will be awarded in miscellaneous categories such as (1) licen-sure or certification in any United States jurisdiction in psychology, accounting, social work, mental health, health care, education, or the practice of law or mediation; (2) possession of a conversational ability in a foreign language or approval as a sign language interpreter; (3) completion of a mediation training program approved by a jurisdiction other than Florida and which may not be the required Florida Supreme Court mediation training program; and (4) certification as a mediator by the Florida Supreme Court. The committee note to the rule includes a table that illustrates the point system. The rule and table track, with minor changes required by the removal of the Bar membership requirement, the point system and table previously set forth in the administrative order.
CONCLUSION
In adopting these amendments, the Court again thanks the Committee on Alternative Dispute Resolution Rules and Policy for its continued dedication in advising the Court on alternative dispute resolution policies and procedures. We are especially grateful to the Committee for its counsel in this case and for assisting the Court in further refining Florida’s successful mediation system. We also thank The Florida Bar and the commentors who also provided valuable input in this case.
Accordingly, we amend the Florida Rules for Certified and C ourt-App ointed Mediators and the Florida Rules of Civil Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. These amendments shall become effective immediately upon the release of this opinion.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
APPENDIX
Florida Rules for Certified and Court-Appointed Mediators
Part I. Mediator Qualifications
Rule 10.100. Certification Requirements
(a) General. For certification as a county court, family, circuit court or dependency mediator, a mediator must be at least 21 years of age, and be of good moral character, and have the required number of points for the type of certification *1007 sought as specifically required in rule 10.105.
(b) County Court Mediators. For initial certification as a mediator of county court matters, an applicant must have at least a high school diploma or a General Equivalency Diploma (GED) and 100 points, which shall include: satisfy the requirements adopted pursuant to administrative order — of—^the chief justice. — Such order shall — establish minimum requirements- in the categories of training,-education-and mentorship.
(1) 30 points for successful completion of a Florida Supreme Court certified county court mediation training program;
(2) 10 points for education; and
(3) 60 points for mentorship.
(c) Family Mediators. For initial certification as a mediator of family and dissolution of marriage issues, an applicant must have at least a bachelor’s degree and 100 points, which shall include, at a minimum: satisfy ■ ■ the -requirements adopted pursuant to administrative-order-of — the chief justice. — Such order-^hah-estafelish-minimum requirements in-the-categories-cf training-,- education, experience, and men-torship.
(1) 30 points for successful completion of a Florida Supreme Court certified family mediation training program;
(2) 25 points for education/mediation experience; and
(3) 30 points for mentorship.
Additional points above the minimum requirements may be awarded for completion of additional education/mediation experience, mentorship, and miscellaneous activities.
(d) Circuit Court Mediators. For initial certification as a mediator of circuit court matters, other than family matters, an applicant must have at least a bachelor’s degree and 100 points, which shall include, at a minimum: satisfy the requirements-adopted-pursuanh to administrative order of the chief justice. Such-order shall establish minimum requirements in the categogies-of — tr-ainingy-education, experience, and motorship.
(1) 30 points for successful completion of a Florida Supreme Court certified circuit mediation training program;
(2) 25 points for education/mediation experience; and
(3) 30 points for mentorship.
Additional points above the minimum requirements may be awarded for completion of additional education/mediation experience, mentorship, and miscellaneous activities.
(e) Dependency Mediators. For initial certification as a mediator of dependency matters, as defined in Florida Rule of Juvenile Procedure 8.290, an applicant must have at least a bachelor’s degree and 100 points, which shall include, at a minimum: satisfy the-requirements-adopted-pursuaat to administrative order-of-the-e-hief-justieeT Such — order shall establish minimum requirements in the categories of training, education,-experience, and mentorship.
(1) 30 points for successful completion of a Florida Supreme Court certified dependency mediation training program;
(2) 25 points for education/mediation experience; and
(3) 40 points for mentorship.
Additional points above the minimum requirements may be awarded for completion of additional education/mediation experience, mentorship, and miscellaneous activities.
(f)-(h) [No Change]
*1008 Rule 10.105. Point System Categories
(a) Education. Points shall be awarded in accordance with the following schedule (points are only awarded for the highest level of education completed and honorary-degrees are not included):
High School Diploma/GED 10 points
Associate’s Degree 15 points
Bachelor’s Degree 20 points
Master’s Degree 25 points
Master’s Degree in Conflict Resolution 30 points
Doctorate (e.g„ Ph.D., J.D., M.D., Ed.D., LL.M.) 30 points
Ph.D. from Accredited Conflict Resolution Program 40 points
An additional five points will be awarded for completion of a graduate level conflict resolution certificate program in an institution which has been accredited by Middle States Association of Colleges and Schools, the New England Association of Schools and Colleges, the North Central Association of Colleges and Schools, the Northwest Association of Schools and Colleges, the Southern Association of Colleges and Schools, the Western Association of Schools and Colleges, the American Bar Association, or an entity of equal status.
(b) Mediation Experience. One point per year will be awarded to a Florida Supreme Court certified mediator for each year that mediator has mediated at least 15 cases of any type. In the alternative, a maximum of five points will be awarded to any mediator, regardless of Florida Supreme Court certification, who has conducted a minimum of 100 mediations over a consecutive five-year period.
(c) Mentorship. Ten points will be awarded for each supervised mediation completed of the type for which certification is sought and five points will be awarded for each mediation session of the type for which certification is sought which is observed.
(d) Miscellaneous Points.
1. Five points shall be awarded to applicants currently licensed or certified in any United States jurisdiction in psychology, accounting, social work, mental health, health care, education or the practice of law or mediation. Such award shall not exceed a total of five points regardless of the number of licenses or certifications obtained.
2. Five points shall be awarded for possessing conversational ability in a foreign language as demonstrated by certification by the American Council on the Teaching of Foreign Languages (ACTFL) Oral Proficiency Test, qualification as a court interpreter, accreditation by the American Translators Association, or approval as a sign language interpreter by the Registry of Interpreters for the Deaf. Such award shall not exceed a total of five points regardless of the number of languages in which the applicant is proficient.
3. Five points shall be awarded for the successful completion of a mediation training program (minimum 30 hours in length) which is certified or approved by a .jurisdiction other than Florida and which may not be the required Florida Supreme Court certified mediation training program. Such award shall not exceed five points regardless of the number of training programs completed.
4. Five points shall be awarded for certification as a mediator by the Florida Supreme Court. Such award shall not exceed five points per category regardless of the number of training programs completed or certifications obtained.
Committee Notes
The following table is intended to illustrate the point system established in this rule. Any discrepancy between the table and the written certification requirements shall be resolved in favor of the latter.
*1009 Points Needed Per Area of Minimum Points Required in Each Area Certification
County 100 30 certified county mediation training; 10 education (minimum HS Diploma/GED); 60 mentorship
Family 100 30 certified family mediation training; 25 education/ mediation experience (minimum Bachelor’s Degree); 30 mentor-ship [and requires 15 additional points]
Dependency 100 30 certified dependency mediation training; 25 education/mediation experience (minimum Bachelor’s Degree); 40 mentorship [and requires 5 additional points]
Circuit 100 30 certified circuit mediation training, 25 education/mediation experience (minimum Bachelor’s Degree); 30 mentor-ship; [and requires 15 additional points]
Education/Mediation Experience (points awarded for highest level of education received)
HS Diploma/GED 10 points Master’s Degree in Conflict Resolution 30
Associate’s Degree 15 points Doctorate (e.g., J.D., M.D., Ph.D., Ed.D., 30 LL.M.)
Bachelor’s Degree 20 points Ph.D. from accredited CR Program 40
Master’s Degree 25 points Graduate Certificate CR Program +5
Florida certified mediator: 1 point per year in which mediated at least 15 mediations (any type) OR any mediator: - 5 points for minimum of 100 mediations (any type) over a 5 year period
Mentorship- must work with at least 2 different certified mediators and must be completed for the type of certification sought
Observation 5 points each session
Supervised Mediation 10 points each complete mediation
Miscellaneous Points
Licensed to practice law, psychology, accounting, social work, 5 points (total) mental health, health care, education or mediation in any US jurisdiction
Florida Certified Mediator 5 points (total)
Foreign Language Conversational Ability as demonstrated by 5 points (total) certification by ACTFL Oral Proficiency Test; qualified as a court interpreter; or accredited by the American Translators Association; Sign Language Interpreter as demonstrated by approval by the Registry of Interpreters for the Deaf
Completion of additional mediation training program (minimum 30 5 points (total) hours in length) certified/approved by a state or court other than Florida
*1010 Miscellaneous Points
Florida Rules of Civil Procedure
Rule 1.720. Mediation Procedures
(a)-(e) [No Change]
(f) Appointment of the.Mediator.
(1) [No Change]
(2) If the parties cannot agree upon a mediator within 10 days of the order of referral, the plaintiff or petitioner shall so notify the court within 10 days of the expiration of the period to agree on a mediator, and the court shall appoint a certified mediator selected by rotation or by such other procedures as may be adopted by administrative order of the
Miscellaneous Points
chief judge in the circuit in which the action is pending. At the request of either party, the court shall appoint a certified circuit court mediator who is a member of The Florida Bar.
(3)[No Change]
(g) [No Change]

. We have jurisdiction. See art. V, § 2(a), Fla. Const.; see also § 44.106, Fla. Stat. (2006).

. The Court is concerned about review of determinations concerning mediators by the Chief Justice, as currently authorized by rule and administrative order, especially the procedures proposed for review of disciplinary action, and would like the Committee to consider alternatives to the Chief Justice's direct participation. Cf. In re Amendments to Rules Regulating Fla. Bar — Fla. Registered Paralegal Program, No. SC06-1622, 969 So.2d 360, 2007 WL 3377120 (Fla. Nov.15, 2007) (adopting review procedures for discipline of registered paralegals without review by the Chief Justice). The Committee's proposals should be filed with the Clerk of the Court by February 15, 2008.