PER CURIAM.
 

 The Supreme Court Committee on Alternative Dispute Resolution Rules and Policy (Committee) has submitted pro
 
 *612
 
 posed amendments to Florida Rule for Certified and Court-Appointed Mediators 10.610. We have jurisdiction.
 
 See
 
 art. V, § 2(a), Fla. Const.;
 
 see also
 
 § 44.106, Fla. Stat. (2009).
 

 BACKGROUND
 

 The Committee has undertaken a comprehensive review and revision of the rules governing mediator advertising and marketing practices. In part, this review is in response to a letter from this Court, dated February 10, 2009, requesting that the Committee study whether the Florida Rules for Certified and Court Appointed Mediators (mediator rules) should be amended to preclude retired judges from using the title “judge” in letterhead, pleadings, advertising, business cards, and other materials in connection with their mediation services. The Court also separately directed The Florida Bar to study the issue as it relates to retired judges who practice law; however, the Committee was specifically asked to consider the matter in light of the fact that membership in The Florida Bar is not a requirement for any area of mediator certification.
 
 [1]
 

 As a result of its review, the Committee has proposed amendments to rule 10.610, as well as a new Committee Note. The Court published the proposed amendments for comment, but received none. After considering the Committee’s proposal, we adopt the amendments as proposed; however, we replace the Committee Note with our slightly revised Commentary.
 

 AMENDMENTS
 

 In order to reflect the expanded content of rule 10.610, the title is changed from “Advertising” to “Marketing Practices.” The rule itself, as amended, includes six new subdivisions. Subdivision (a) incorporates text from the current rule with only minor revisions. This subdivision generally precludes the use of any false or misleading marketing practices. Subdivision (b) prohibits a mediator from engaging in any marketing practice that identifies the mediator as “Supreme Court Certified,” unless such practice also identifies one or more specific areas in which the mediator is certified. Similarly, under subdivision (c), mediators are prohibited from engaging in a marketing practice that advertises the mediator as “certified,” unless the mediator obtained such certification through successful completion of an established certification process and the advertisement clearly identifies the entity issuing the certification. Subdivision (d) provides that advertising or marketing materials will be deemed “misleading” if the mediator states or implies that prior adjudicative experience makes one a better or more-qualified mediator. Subdivision (e), like subdivision (a), incorporates language taken without change from the existing rule. It states that mediators shall be prohibited from engaging in marketing practices that promise clients specific results or outcomes. Finally, subdivision (f) precludes a mediator from engaging in any other marketing practice that “diminishes the importance of a party’s right to self-determination or the impartiality of the mediator, or that demeans the dignity of the mediation process or the judicial system.”
 

 The Committee also offers a new Committee Note to the rule, which we have replaced with revised Commentary. The Commentary explains that a former judge serving as a mediator must not use the prestige of the judicial office to advance his or her private interests. The mediator
 
 *613
 
 may not appear in judicial robes in an advertisement for his or her mediation services; the mediator also may not use the title “judge” with or without modifiers to the mediator’s name in any advertisement. Indeed, the use of the title judge in any marketing practice, including, but not limited to, letterhead and business cards, is inappropriate. However, an accurate representation of the mediator’s judicial experience in references to background and experience in bios and resumés would not be inappropriate.
 

 Finally, we note that nothing in the Court’s amendment to rule 10.610 is intended to modify the requirements for advertising imposed in Canon 5 F of the Code of Judicial Conduct, which currently prohibits Senior Judges from advertising, soliciting business, or participating in “any other activity that directly or indirectly promotes his or her mediation services,” except as allowed in that section.
 
 See
 
 Fla.Code of Jud. Conduct, Canon 5 F(2).
 

 CONCLUSION
 

 Accordingly, we amend Florida Rule for Certified and Court Appointed Mediators 10.610 as reflected in the Appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The Commentary is offered for explanation only and is not adopted as an official part of the rules. These amendments shall become effective immediately upon the release of this opinion.
 

 Finally, the Court thanks the Committee for its continued dedication in advising the Court on alternative dispute resolution policies and procedures. We are especially grateful to the Committee for its counsel in this case and for assisting the Court in further refining Florida’s successful mediation system.
 

 It is so ordered.
 

 QUINCE, C.J., and PARIENTE, LEWIS, CANADY, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 APPENDIX
 

 Rule 10.610. Advertising — Marketing Practices
 

 (a) False or Misleading Marketing Practices. A mediator shall not engage in any marketing practices, including advertising, which contains false or misleading information. A mediator shall ensure that any advertisements of marketing of the mediator’s qualifications, services to be rendered, or the mediation process are is accurate and honest.
 

 (b) Supreme Court Certification. Any marketing practice in which a mediator indicates that such mediator is “Florida Supreme Court certified” is misleading unless it also identifies at least one area of certification in which the mediator is certified.
 

 (c) Other Certifications. Any marketing publication that generally refers to a mediator being “certified” is misleading unless the advertising mediator has successfully completed an established process for certifying mediators that involves actual instruction rather than the mere payment of a fee. Use of the term “certified” in advertising is also misleading unless the mediator identifies the entity issuing the referenced certification and the area or field of certification earned, if applicable.
 

 (d) Prior Adjudicative Experience. Any marketing practice is misleading if the mediator states-or implies that prior adjudicative experience, including, but not limited to, service as a judge, magistrate, or administrative hearing officer, makes one a better or more qualified mediator.
 

 
 *614
 
 (e) Prohibited Claims or Promises. A mediator shall not make claims of achieving specific outcomes or promises implying favoritism for the purpose of obtaining business.
 

 (f) Additional Prohibited Marketing Practices. A mediator shall not engage in any marketing practice that diminishes the importance of a party’s right to self-determination or the impartiality of the mediator, or that demeans the dignity of the mediation process or the judicial system.
 

 Commentary
 

 2010 Revision. Areas of certification in subdivision (b) include county, family, circuit, dependency and other Supreme Court certifications.
 

 The roles of a mediator and an adjudicator are fundamentally distinct. The integrity of the judicial system may be impugned when the prestige of the .judicial office is used for commercial purposes. When engaging in any mediation marketing practice, a former adjudicative officer should not lend the prestige of the judicial office to advance private interests in a manner inconsistent with this rule. For example, the depiction of a mediator in judicial robes or use of the word “judge” with or without modifiers to the mediator’s name would be inappropriate. However, an accurate representation of the mediator’s judicial experience would not be inappropriate.
 

 [1]
 

 .
 
 See In re Petition of the Alternative Dispute Resolution Rules & Policy Committee on Amendments to Fla. Rules for Certified & Court-Appointed Mediators,
 
 969 So.2d 1003 (Fla.2007).