993 So.2d 505 (2008)
In re AMENDMENTS TO FLORIDA RULES FOR CERTIFIED AND COURT-APPOINTED MEDIATORS.
No. SC08-1670.
Supreme Court of Florida.
October 16, 2008.
Judge Shawn L. Briese, Chair, Supreme Court Committee on Alternative Dispute Resolution Rules and Policy, Seventh Judicial Circuit, Daytona Beach, FL, for Petitioner.
PER CURIAM.
In response to the Court's request, the Supreme Court Committee on Alternative Dispute Resolution Rules and Policy (Committee) has submitted amendments to the Florida Rules for Certified and Court-Appointed Mediators concerning Chief Justice review of disciplinary determinations concerning mediators pursuant to rule 10.880.[1]See In re Petition of the Alternative Dispute Resolution Rules & Policy Comm. on Amendments to Fla. Rules for Certified & Court-Appointed Mediators, 969 So.2d 1003, 1004 n. 2 (Fla. 2007). We have jurisdiction. See art. V, § 2(a), Fla. Const.; see also § 44.106, Fla. Stat. (2007).
The Committee proposes the creation of a three-judge appellate panel, appointed by the Chief Justice, for mediator disciplinary reviews. The Committee also proposes including subdivisions outlining the rules of procedure and a standard of review for such proceedings. Upon consideration, we leave intact procedures for Chief Justice review, but amend the rule to also provide for review by the Chief Justice's designee.[2] Such designees are not limited to justices of this Court. We also modify the Committee's proposed amendments with regard to rules of procedure and the standard of review to reflect this decision.
The Committee also proposes an amendment to rule 10.850, Confidentiality. The Committee proposes that the confidentiality of mediator disciplinary proceedings continue through the review process and be maintained if mediator sanctions are *506 vacated on review. We disagree with the Committee's proposal and instead amend the rule to clarify that documentation in cases where a sanction is imposed by a panel or an application is denied shall become public with the exception of those matters which are otherwise confidential under law or rule of this Court, regardless of the outcome of any appeal.
Accordingly, we amend the Florida Rules for Certified and Court-Appointed Mediators as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. These amendments shall become effective immediately upon the release of this opinion.
It is so ordered.
QUINCE, C.J., and WELLS, ANSTEAD, PARIENTE, and LEWIS, JJ., concur.
CANADY and POLSTON, JJ., did not participate.

APPENDIX

Rule 10.850. Confidentiality
(a) Generally. Until sanctions are imposed, whether by the panel or upon agreement of the mediator, all proceedings shall be confidential. After sanctions are imposed by a panel or an application is denied, all documentation including and subsequent to the filing of formal charges shall be public with the exception of those matters which are otherwise confidential pursuant tounder law or rule of the supreme court, regardless of the outcome of any appeal. If a consensual agreement is reached between a mediator and a complaint committee, only the basis of the complaint and the agreement shall be released to the public.
(b)-(d) [No change]

Committee Notes
1995 Revision: [No change]
2008 Revision: The recent adoption of the Florida Mediation Confidentiality and Privilege Act, sections 44.401-44.406, Florida Statutes, renders the first paragraph of the 1995 Revision Committee Notes inoperative. The second paragraph explains the initial rationale for the rule, which is useful now from a historical standpoint.

Rule 10.880. Supreme Court Chief Justice Review
(a) Right of Review. Any mediator or applicant found to have committed a violation of these rules or otherwise sanctioned by a hearing panel shall have a right of review of thatthe action taken by the panel. Review of this type shall be by the Cchief Jjustice of the Supreme Court of Florida or by the chief justice's designee. A mediator shall have no right of review of any resolution reached pursuant tounder rule 10.810(j).
(b) Rules of Procedure. The Florida Rules of Appellate Procedure, to the extent applicable and except as otherwise provided in this rule, shall control all appeals of mediator disciplinary matters.Review by the chief justice shall be in accordance with procedures adopted pursuant to administrative order of the chief justice.
(1) The jurisdiction to seek review of disciplinary action shall be invoked by submitting an original and one copy of a Notice of Review of Mediator Disciplinary Action to the chief justice within 30 days of the panel's decision. A copy shall also be provided to the Center.
(2) The notice of review shall be substantially in the form prescribed by rule *507 9.900(a), Florida Rules of Appellate Procedure A copy of the panel decision shall be attached to the notice.
(3) Appellant's initial brief, accompanied by an appendix as prescribed by rule 9.220, Florida Rules of Appellate Procedure, shall be served within 30 days of submitting the notice of review. Additional briefs shall be served as prescribed by rule 9.210, Florida Rules of Appellate Procedure.
(c) Standard of Review. The review shall be conducted in accordance with the following standard of review:
(1) The chief justice or designee shall review the findings and conclusions of the panel using a competent substantial evidence standard, neither reweighing the evidence in the record nor substituting the reviewer's judgment for that of the panel.
(2) Decisions of the chief justice or designee shall be final upon issuance of a mandate under rule 9.340, Florida Rules of Appellate Procedure.
NOTES
[1] The Committee has also submitted proposed amendments to various other rules. Many of these proposed amendments are rendered unnecessary by our decision to retain procedures for Chief Justice review of determinations regarding mediators. With the exception of the Committee's proposed amendment to rule 10.850, Confidentiality, discussed below, we decline to consider the Committee's other proposed amendments at this time.
[2] We have contemporaneously adopted similar procedures for disciplinary reviews regarding court interpreters. See In re Amendments to Fla. Rules for Certification & Regulation of Court Interpreters, No. SC08-1671, 993 So.2d 507, 2008 WL 4587224 (Fla. Oct. 16, 2008).