993 So.2d 507 (2008)
In re AMENDMENTS TO FLORIDA RULES FOR CERTIFICATION AND REGULATION OF COURT INTERPRETERS.
No. SC08-1671.
Supreme Court of Florida.
October 16, 2008.
Judge Ronald N. Ficarrotta, Chair, Court Interpreter Certification Board Committee, Thirteenth Judicial Circuit, Tampa, FL, for Petitioner.
PER CURIAM.
The Supreme Court's Court Interpreter Certification Board (Board) has submitted amendments to the Florida Rules for Certification and Regulation of Court Interpreters concerning Chief Justice review of disciplinary determinations concerning court interpreters pursuant to rule 14.460. We have jurisdiction. See art. V, § 2(a), Fla. Const.; see also § 25.386, Fla. Stat. (2007).
The Board proposes the creation of a three-judge appellate panel, appointed by the Chief Justice, for such reviews. The Board also proposes including subdivisions outlining the rules of procedure and a standard of review for such proceedings. Upon consideration, we leave intact procedures for Chief Justice review but amend the rule to also provide for review by the Chief Justice's designee.[1] Such designees are not limited to justices of this Court. We also modify the Board's proposed amendments with regard to rules of procedure and the standard of review to reflect this decision.
The Court adopts as proposed an amendment to subdivision (a) to provide that a resolution in a disciplinary matter reached after the investigative committee meets with the complainant and the interpreter pursuant to rule 14.410(d) is not subject to Chief Justice review. The amendment is modeled after a similar provision in Florida Rule for Certified and Court-Appointed Mediators 10.880(a), Supreme Court Chief Justice Review.
*508 The Board also proposes an amendment to rule 14.440, Confidentiality. The Board proposes that the confidentiality of proceedings regarding court interpreters continue through the review process and be maintained unless a sanction other than private reprimand is upheld on review. We disagree with the Board's proposal and instead amend the rule to clarify that records in cases where a sanction other than private reprimand is imposed shall become public when the hearing panel's decision becomes final, regardless of the outcome of any appeal.
Accordingly, we amend the Florida Rules for Certification and Regulation of Court Interpreters as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. These amendments shall become effective immediately upon the release of this opinion.
It is so ordered.
QUINCE, C.J., and WELLS, ANSTEAD, PARIENTE, LEWIS, and CANADY, JJ., concur.
POLSTON, J., did not participate.

APPENDIX

RULE 14.440. Confidentiality of Disciplinary Proceedings
When a disciplinary proceeding is either dismissed or results in a private reprimand, all records of the proceeding shall remain confidential; otherwise, all such records shall become public when the hearing panel's decision becomes final, regardless of the outcome of any appeal.

RULE 14.460. Chief Justice Review
(a) Right of Review. Any interpreter found to have committed a violation of these rules shall have a right of review of that action by the chief justice of the Supreme Court of Florida or the chief justice's designee, whose decision shall be final. An interpreter shall have no right of review of any resolution reached under rule 14.410(d).
(b) Rules of Procedure. The Florida Rules of Appellate Procedure, to the extent applicable and except as otherwise provided in this rule, shall control all appeals of interpreter disciplinary matters.
(1) The jurisdiction to seek review of disciplinary action shall be invoked by submitting an original and one copy of a Notice of Review of Interpreter Disciplinary Action to the chief justice within 30 days of the hearing panel's decision. A copy shall also be provided to the Board.
(2) The notice of review shall be substantially in the form prescribed by rule 9.900(a), Florida Rules of Appellate Procedure. A copy of the panel decision shall be attached to the notice.
(3) Appellant's initial brief, accompanied by an appendix as prescribed by rule 9.220, Florida Rules of Appellate Procedure, shall be served within 30 days of submitting the notice of review. Additional briefs shall be served as prescribed by rule 9.210, Florida Rules of Appellate Procedure.
(c) Standard of Review. The review shall be conducted in accordance with the following standard of review:
(1) The chief justice or the chief justice's designee shall review the findings and conclusions of the hearing panel using a competent substantial evidence standard, neither reweighing the evidence in the record nor substituting the reviewer's judgment for that of the hearing panel.
(2) Decisions of the chief justice or the chief justice's designee shall be final upon issuance of a mandate under rule *509 9.340, Florida Rules of Appellate Procedure.
NOTES
[1] We have contemporaneously adopted similar procedures for disciplinary review regarding mediators. See In re Amendments to Fla. Rules for Certified & Court-Appointed Mediators, No. SC08-1670, 993 So.2d 505, 2008 WL 4587210 (Fla. Oct. 16, 2008).