QUINCE, J.
 

 This matter is before the Court for consideration of proposed amendments to the Florida Rules of Appellate Procedure and the Florida Rules for Certified and Court-Appointed Mediators. We have jurisdiction.
 
 See
 
 art. V, § 2(a), Fla. Const;
 
 see also
 
 § 44.106, Fla. Stat. (2009).
 

 The Committee on Alternative Dispute Resolution Rules and Policy (Committee) is charged in part with monitoring and recommending amendments to court rules governing alternative dispute resolution procedures and monitoring and recommending revisions to the continuing education, mentorship, and basic mediation training requirements.
 
 See In re Committee on Alternative Dispute Resolution Rules and Policy,
 
 Fla. Admin. Order No. AOSC03-32 (July 8, 2003);
 
 see also In re Petition of the Alternative Dispute Resolution Rules & Policy Comm.,
 
 931 So.2d 877, 878 (Fla.2006).
 

 In response to this continuing mandate, the Committee filed a petition proposing new rules to the Florida Rules of Appellate Procedure pertaining to mediation in appellate proceedings and related amendments to the Florida Rules of Certified and Court-Appointed Mediators. The proposed appellate rules of procedure are: 9.700, Mediation Rules; 9.710, Eligibility for Mediation; 9.720, Mediation Procedures; 9.730, Appointment and Compensation of the Mediator; and 9.740, Completion of Mediation. The proposed amendments to the Florida Rules for Certified and Court-Appointed Mediators include rules 10.100, Certification Requirements; 10.730, Mediator Qualifications Board; and 10.900, Mediator Ethics Advisory Committee. The proposals appeared in the April 15, 2009, edition of
 
 The Florida Bar News.
 
 The Appellate Court Rules Committee (ACRC) submitted a comment. The Court heard oral argument on April 8, 2010.
 

 The Committee patterned its proposed amendments to the appellate rules after comparable provisions governing the state’s trial court mediation program.
 
 See
 
 Fla. R. Civ. P. 1.700-1.730. Having considered the Committee’s petition and the concerns presented by the ACRC, we hereby adopt the proposed amendments to the Florida Rules of Appellate Procedure, with modifications to proposed rules 9.700, 9.720, and 9.730, as discussed below. We also adopt the Committee’s proposed amendments to the Florida Rules for Certified and Court-Appointed Mediators.
 

 With the Court’s adoption of procedural rules governing appellate mediation, we recognize the difference between appellate
 
 *162
 
 and trial-court-level mediation based upon the posture of the case. Unlike in an initial proceeding — whether before a county or circuit court sitting in its original capacity or with respect to specific areas of the law, such as dependency or family law cases — a controversy on appeal has been resolved in favor of one party over the other. The viability of mediation when the case reaches a court sitting in its appellate capacity may not be apparent to the parties. Instead, that may not occur until after the briefs have been filed, reflecting the issues upon which review is sought as well as the strengths and weaknesses of the parties’ arguments. To accommodate the distinction between trial court and appellate mediation, proposed appellate rule 9.700, including subdivisions (c) (Applicability) and (d) (Referral), is modified to permit the parties to agree to postpone mediation until after the time for filing briefs has expired.
 

 Proposed rule 9.720 (Mediation Procedures) is modified to permit the parties to agree to attend mediation electronically.
 

 The final modification we make to the Committee’s proposed amendments to the Florida Rules of Appellate Procedure pertains to an eligibility requirement for appointment of an appellate mediator. As adopted, rule 9.730 (Appointment and Compensation of the Mediator) requires that a certified appellate mediator, whether designated by the parties or appointed by the court, be licensed to practice law unless otherwise agreed to by the parties.
 

 Upon consideration of the Committee’s report, the ACRC’s comment, and oral argument, we hereby adopt the proposed amendments as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately upon release of this opinion.
 

 It is so ordered.
 

 PARIENTE, LEWIS, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 CANADY, C.J., dissents.
 

 APPENDIX
 

 Florida Rules of Appellate Procedure
 

 Rule 9.700. Mediation Rules
 

 (a) Applicability. Rules 9.700 — 9.740 apply to all appellate courts, including circuit courts exercising jurisdiction under rule 9.030(c), district courts of appeal, and the Supreme Court of Florida.
 

 (b) Referral. The court, upon its own motion or upon motion of a party, may refer a case to mediation at any time. Such motion from a party shall contain a certificate that the movant has consulted opposing counsel or unrepresented party and that the movant is authorized to represent that opposing counsel or unrepresented party:
 

 (1) has no objection;
 

 (2) objects and cites the specific reasons for objection; or
 

 (3) will promptly file an objection.
 

 (c) Time Frames for Mediation. The first mediation conference shall be commenced within 45 days of referral by the court, unless the parties agree to postpone mediation until after the period for filing briefs has expired. The mediation shall be completed within 30 days of the first mediation conference. These times may be modified by order of the court.
 

 (d) Tolling of Times. Unless otherwise ordered, or upon agreement of the parties to postpone mediation until after the expiration of time for filing the appellate briefs, all times under these rules for
 
 *163
 
 the processing of cases shall be tolled for the period of time from the referral of a case to mediation until mediation ends pursuant to section 44.404, Florida Statutes. The court, by administrative order, may provide for additional tolling of deadlines. A motion for mediation filed by a party within 30 days of the notice of appeal shall toll all deadlines under these rules until the motion is ruled upon by the court.
 

 (e) Motion to Dispense with Mediation. A motion to dispense with mediation may be served not later than 10 days after the discovery of the facts which constitute the grounds for the motion, if:
 

 (1) the order violates rule 9.710; or
 

 (2) other good cause is shown.
 

 Rule 9.710. Eligibility for Mediation
 

 Any case filed may be referred to mediation at the discretion of the court, but under no circumstances may the following categories of actions be referred:
 

 (a) Criminal and post-conviction cases.
 

 (b) Habeas corpus and extraordinary
 

 writs.
 

 (c) Civil or criminal contempt.
 

 (d) Involuntary civil commitments of sexually violent predators.
 

 (e) Collateral criminal cases.
 

 (f) Other matters as may be specified by administrative order.
 

 Rule 9.720. Mediation Procedures
 

 (a) Appearance. If a party to mediation
 

 is a public entity required to conduct its business pursuant to chapter 286, Florida Statutes, that party shall be deemed to appear at a mediation conference by the physical presence of a representative with full authority to negotiate on behalf of the entity and to recommend settlement to the appropriate decision-making body of the entity. Otherwise, unless changed by order of the court, a party is deemed to appear at a mediation conference if the following persons are physically present or appear electronically upon agreement of the parties:
 

 (1) The party or its representative having full authority to settle without further consultation.
 

 (2) The party’s trial or appellate counsel of record, if any. If a party has more than one counsel, the appearance of only one counsel is required.
 

 (3) A representative of the insurance carrier for any insured party who is not such carrier’s outside counsel and who has full authority to settle without further consultation.
 

 (b) Sanctions. If a party fails to appear at a duly noticed mediation conference without good cause, the court, upon motion of a party or upon its own motion, may impose sanctions, including, but not limited to, any or all of the following, against the party failing to appear:
 

 (1) An award of mediator and attorney fees and other costs or monetary sanctions.
 

 (2) The striking of briefs.
 

 (3) Elimination of oral argument.
 

 (4) Dismissal or summary affirmance.
 

 (c) Scheduling and Adjournments. Consistent with the time frames established in rule 9.700(c) and after consulting with the parties, the mediator shall set the initial conference date. The mediator may adjourn the mediation conference at any time and may set times for reconvening the adjourned conference. The mediator shall notify the parties in writing of the date, time, and place of any mediation conference, except no further notification is required for parties present at an adjourned mediation conference.
 

 
 *164
 
 (d) Control of Procedures. The mediator shall at all times be in control of the procedures to be followed in the mediation.
 

 (e) Communication with Parties. The mediator may meet and consult privately with any party or parties or their counsel. Counsel shall be permitted to communicate privately with their clients. Rule 9.730. Appointment and Compensation of the Mediator.
 

 (a) Appointment by Agreement. Within 10 days of the court order of referral, the parties may file a stipulation with the court designating a mediator certified as an appellate mediator pursuant to rule 10.100(f), Florida Rules for Certified and Court-Appointed Mediators. Unless otherwise agreed to by the parties, the mediator shall be licensed to practice law in any United States jurisdiction.
 

 (b) Appointment by Court. If the parties cannot agree upon a mediator within 10 days of the order of referral, the appellant shall notify the court immediately and the court shall appoint a certified appellate mediator selected by such procedure as is designated by administrative order. The court shall appoint a certified appellate mediator who is licensed to practice law in any United States .jurisdiction, unless otherwise requested upon agreement of the parties.
 

 (c) Disqualification of Mediator. Any party may move to enter an order disqualifying a mediator for good cause. Such a motion to disqualify shall be filed within a reasonable time, not to exceed 10 days after discovery of the facts constituting the grounds for the motion, and shall be promptly presented to the court for an immediate ruling. If the court rules that a mediator is disqualified from a case, an order shall be entered setting forth the name of a qualified replacement. The time for mediation shall be tolled during any periods in which a motion to disqualify is pending.
 

 (d) Substitute Mediator. If a mediator agreed upon by the parties or appointed by the court cannot serve, a substitute mediator may be agreed upon or appointed in the same manner as the original mediator.
 

 (e) Compensation of a Court-Selected Mediator. If the court selects the mediator pursuant to subdivision (b), the mediator shall be compensated at the hourly rate set by the court in the referral order or applicable administrative order. Unless otherwise agreed, the compensation of the mediator should be prorated among the named parties.
 

 Committee Notes
 

 This rule is not intended to limit the parties from exercising self-determination in the selection of any appropriate form of alternative dispute resolution or to deny the right of the parties to select a neutral. The rule does not prohibit parties from selecting an otherwise qualified non-certified appellate mediator prior to the court’s order of referral. Parties may pursue settlement with a non-certified appellate mediator even within the ten-day period following the referral. However, once parties agree on a certified appellate mediator, or notify the court of their inability to do so, the parties can satisfy the court’s referral to mediation pursuant to these rules only by appearing at a mediation conducted by a supreme court certified appellate mediator.
 

 Rule 9.740. Completion of Mediation
 

 (a) No Agreement. If the parties do not reach an agreement as a result of mediation, the mediator shall report, within 10 days, the lack of an agreement to the court without comment or recommendation.
 

 
 *165
 
 (b) Agreement. If a partial or final agreement is reached, it shall be reduced to writing and signed by the parties and their counsel, if any. Within 10 days thereafter, the mediator shall file a report with the court on a form approved by the court.
 

 FLORIDA RULES FOR CERTIFIED AND COURT-APPOINTED MEDIATORS
 

 PARTI MEDIATOR QUALIFICATIONS
 

 Rule 10.100. Certification Requirements
 

 (a) General. For certification as a county court, family, circuit court, or dependency, or appellate mediator, a mediator must be at least 21 years of ageT and be of good moral character For certification as a county court, family, circuit court, or dependency mediator, and-one must have the required number of points for the type of certification sought as specifically required in rule 10.105.
 

 (b)-(e) [No change.]
 

 (f) Appellate Mediators. For initial certification as a mediator of appellate matters, an applicant must be a Florida Supreme Court certified circuit, family or dependency mediator and successfully complete a Florida Supreme Court certified appellate mediation training program.
 

 CfXg) Senior Judges Serving As Mediators. A senior judge may serve as a mediator in a court-ordered mediation only if certified by the Florida Supreme Court as a mediator for that type of mediation.
 

 4g)(h) Referral for Discipline. If the certification or licensure necessary for any person to be certified as a family or circuit mediator is suspended or revoked, or if the mediator holding such certification or li-censure is in any other manner disciplined, such matter shall be referred to the Mediator Qualifications Board for appropriate action pursuant to rule 10.800.
 

 (h)(i) Special Conditions. Mediators who are certified prior to August 1, 2006, shall not be subject to the point requirements for any category of certification in relation to which continuing certification is maintained.
 

 PART III DISCIPLINE
 

 Rule 10.730. Mediator Qualifications Board
 

 (a) [No Change.]
 

 (b) Composition of Divisions. Each division of the board shall be composed of:
 

 (l)-(4) [No change.]
 

 (5) not less than 1 nor more than 3 certified dependency mediators; and
 

 (6) not less than 1 nor more than 3 certified appellate mediators; and
 

 (6)(7) three attorneys licensed to practice law in Florida who have a substantial trial practice and are neither certified as mediators nor judicial officers during their terms of service on the board, at least 1 of whom shall have a substantial dissolution of marriage law practice.
 

 (c)-(g) [No Change.]
 

 Committee Notes
 

 [No change.]
 

 Rule 10.900. Mediator Ethics Advisory Committee
 

 (a)-(b) [No Change.]
 

 (c)Membership and Terms. The membership of the committee shall be composed of 1 county mediator, 1 family mediator, and 1 circuit mediator from each division and shall be appointed by the chief
 
 *166
 
 justice. At least one of the 9 members shall also be a certified dependency mediator, and at least one of the 9 members shall also be a certified appellate mediator. All appointments shall be for 4 years. No member shall serve more than 2 consecutive terms. The committee shall select 1 member as chair and 1 member as vice-chair.
 

 (d)-(h) [No Change.]
 

 Committee Notes
 

 [No change.]